42 P.3d 654

STATE of Hawai'i, Plaintiff–Appellee,

v.

Fred VALDEZ, Defendant–Appellant.

No. 23620.

Intermediate Court of Appeals of Hawai'i.

Feb. 19, 2002.

As Amended March 4, 2002.

Rose Anne Fletcher, Deputy Public Defender, on the briefs, for defendant-appellant.

Richard K. Minatoya, Deputy Prosecuting Attorney, County of Maui, on the briefs, for plaintiff-appellee.

BURNS, C.J., LIM and FOLEY, JJ.

78

Opinion of the Court by FOLEY, J.

Following a bench trial [1] held on June 21, 2000, Defendant–Appellant Fred Valdez (Valdez) was convicted of Assault in the Third Degree in violation of Hawaii Revised Statutes (HRS) § 707–712(1)(a) (1993) [2] and was ordered to pay a fine of $300 and a Criminal Injuries Compensation Fund assessment of $50. Valdez appeals from the Judgment entered on June 21, 2000, in the District Court of the Second Circuit, Wailuku Division (district court).

On appeal, Valdez contends, and the State agrees, that the district court failed to obtain a constitutionally valid waiver of his right to a jury trial. Valdez also contends the district court erred in rejecting his justification defense of protection of property. Because the district court failed to obtain a valid waiver of Valdez's right to a jury trial, we vacate the June 21, 2000, Judgment and remand this case to the district court for a new arraignment and trial. Additionally, we advise the trial courts with respect to jury trial waivers.

I.

On April 11, 2000, Valdez was arraigned for the offense of Assault in the Third Degree. At Valdez's arraignment, the following colloquy took place:

[DEFENSE COUNSEL:] Waive public reading of the charge at this time, your Honor. With respect to the charge, assault three, Mr. Valdez would like to enter a plea of not guilty and ask for a trial.

THE COURT: All right, now, Valdez, do you want trial by the Court or trial by jury?

THE DEFENDANT: Trial by court.

THE COURT: All right, enter pleas of not guilty. A waiver of jury trial. Set it for trial.

1. Per diem District Court Judge John T. Vail presided at Valdez's April 11, 2000 arraignment and plea. The Honorable Douglas H. Ige presided at Valdez's June 21, 2000 trial.

2. HRS § 707–712(1)(a) provides:

II.

█ The validity of a criminal defendant's waiver of his or her right to a jury trial presents a question of state and federal constitutional law.... We answer questions of constitutional law by exercising our own independent constitutional judgment based on the facts of the case. Thus, we review questions of constitutional law under the right/wrong standard.

*State v. Friedman*, 93 Hawai'i 63, 67, 996 P.2d 268, 272 (2000) (internal quotation marks omitted).

█ "[W]e review the validity of a defendant's waiver of his/her right to a jury trial under the totality of the circumstances surrounding the case, taking into account the defendant's background, experience, and conduct." *Id.* at 70, 996 P.2d at 275.

III.

█ Valdez contends, and the State agrees, that the district court failed to obtain a constitutionally valid waiver of Valdez's right to a jury trial.

For a valid waiver of the right to a jury trial, the trial court has a duty to inform the accused of that constitutional right. The colloquy in open court informing a defendant of his right to a jury trial at arraignment serves several purposes: (1) it more effectively insures voluntary, knowing and intelligent waivers; (2) it promotes judicial economy by avoiding challenges to the validity of waivers on appeal; and (3) it emphasizes to the defendant the seriousness of the decision. The failure to obtain a valid waiver of this fundamental right constitutes reversible error.

*Id.* at 68, 996 P.2d at 273 (internal quotation marks, citations, ellipses, and brackets omitted).

█ In determining whether there has been a valid waiver of the right to a jury

§ 707–712 Assault in the third degree.
(1) A person commits the offense of assault in the third degree if the person:
(a) Intentionally, knowingly, or recklessly causes bodily injury to another person[.]

trial, we look to the totality of facts and circumstances of each particular case:

A waiver is the knowing, intelligent, and voluntary relinquishment of a known right. Thus, to determine whether a waiver was voluntarily and intelligently undertaken, this court will look to the totality of facts and circumstances of each particular case. Where it appears from the record that a defendant has voluntarily waived a constitutional right to a jury trial, the defendant carries the burden of demonstrating by a preponderance of the evidence that his/her waiver was involuntary.

*Id.* at 68–69, 996 P.2d at 273–74 (internal quotation marks, citations, and brackets omitted).

In *Friedman,* the following circumstances viewed in their totality persuaded the Hawai'i Supreme Court that the jury waiver was knowing, intelligent, and voluntary:

Friedman did not simply acknowledge his right to a jury trial with a simple "yes"; rather, Friedman articulated to the trial court that "a jury trial is where the outcome of whether it's guilty or not is to be determined by 12 adults instead of a judge." Additionally, the trial court specifically informed Friedman that a judge would be trying his case if he waived his jury trial right. The record also reflects that, at the arraignment, Friedman was represented by competent counsel, who informed the court that he had previously "explained to Friedman the differences between a jury trial and judge trial"; moreover, Friedman acknowledged his attorney's representation. Finally, Friedman affirmatively indicated to the trial court that his waiver of the right to a jury trial was voluntary and a result of his own reflection.

*Id.* at 70, 996 P.2d at 275 (brackets and ellipsis omitted).

■ Here, the trial judge failed to engage in a colloquy with Valdez to ensure that the waiver of jury trial was intelligent, knowing and voluntary. Furthermore, Valdez's counsel did not represent in open court that Valdez was aware of his right to a jury trial. Therefore, under the totality of circumstances, as the State concedes, the district court failed to obtain a valid waiver of Valdez's right to a jury trial.

## IV.

■ The Hawai'i Supreme Court has rejected the proposition that "a jury waiver can never be voluntary and knowing if a trial court fails to advise a defendant of any of the four aspects of a jury trial." *Id.* at 69, 996 P.2d at 274. However, to provide guidance to the trial court in performing its duty to inform the defendant of his/her constitutional right to a jury trial, we believe the four-part colloquy referred to in *Friedman* is apropos. The Hawai'i Supreme Court in *Friedman* advised the trial court "to engage in such a colloquy to aid in ensuring voluntary waivers." *Id.* We reiterate that advice. To "ensure a voluntary waiver" of the defendant's right to a jury trial, the trial court should, in open court, directly inform the defendant that "(1) twelve members of the community compose a jury, (2) the defendant may take part in jury selection, (3) a jury verdict must be unanimous, and (4) the court alone decides guilt or innocence if the defendant waives a jury trial." *Id.* (internal quotation marks omitted). By the trial court's use of this procedure, the three purposes of an open-court colloquy, *see supra,* are fully satisfied; the trial court's ascertainment of the defendant's waiver is facilitated; and any appeal premised on the defendant's defective waiver claims is curtailed.

## V.

Accordingly, we vacate the June 21, 2000, Judgment of the district court and remand this case to the district court for a new arraignment and trial. We, therefore, need not address Valdez's remaining claim.