319 P.3d 1009

**STATE of Hawai'i, Respondent/Plaintiff–Appellee,**

**v.**

**Kaolino Richard BAKER, Petitioner/Defendant–Appellant.**

No. SCWC–11–0000666.

Supreme Court of Hawai'i.

Jan. 27, 2014.

James S. Tabe, for petitioner.

Linda L. Walton, Kealakekua, for respondent.

RECKTENWALD, C.J., NAKAYAMA, McKENNA, and POLLACK, JJ., with ACOBA, J., Concurring Separately.

Opinion of the Court by
RECKTENWALD, C.J.

Kaolino Richard Baker (Baker) was charged with one count of Abuse of Family or Household Member in relation to an incident involving his former girlfriend. During a pre-trial hearing, Baker, represented by a deputy public defender, stated that he had executed a "Waiver of Jury Trial" form. On the form, Baker provided his initials next to all of the relevant paragraphs, except the paragraph stating that he was entering the waiver of his own free will and that no promises or threats had been made to him in order to induce his waiver of his right to a jury trial. During a brief exchange, the family court asked Baker several questions, none of which addressed the voluntariness of his waiver.

Following a bench trial, Baker was convicted of the charged offense. Baker appealed to the Intermediate Court of Appeals (ICA) and argued, inter alia, that the family court erred in failing to ensure that he had "fully" waived his right to a jury trial. The ICA, however, affirmed his conviction and determined that under the totality of the circumstances, Baker validly waived his right to a jury trial.

In his application for writ of certiorari, Baker raises the following questions: (1) whether he validly waived his right to a jury trial; (2) whether the family court erred in considering a written police report not admitted into evidence in determining his guilt; (3) whether the family court erred in considering the same police report during sentencing;

and (4) whether the ICA erred in suggesting that Baker seek relief pursuant to Rule 40 of the Hawai'i Rules of Penal Procedure (HRPP) with respect to the family court's purported consideration of the police report. Based on the record before us, we conclude that the family court failed to ensure that Baker's waiver of his right to a jury trial was voluntary. We therefore vacate both the ICA's judgment and the family court's judgment and remand the case for a new trial. Given this disposition, we do not address Baker's arguments relating to the police report, and the ICA's suggestion that Baker seek relief pursuant to HRPP Rule 40.

## I. Background

The following factual background is taken from the record on appeal.

### A. Family court proceedings

Baker was charged with Abuse of Family or Household Member, in violation of Hawai'i Revised Statutes (HRS) § 709–906(1).[1] At a February 23, 2011 Entry of Plea hearing, Baker, represented by a deputy public defender (DPD), pled not guilty.[2] The DPD then stated that Baker had executed a "Waiver of Jury Trial" form. The form provided as follows: [3]

1. I waive my right to a jury trial in the following charge(s):

AFHM [4]

PLEASE PLACE YOUR INITIALS IN THE SPACES PROVIDED IF YOU UN-DERSTAND AND AGREE WITH THE FOLLOWING STATEMENTS

2. ____ I understand that I have the constitutional right to a jury trial. Furthermore, I unde[rstand] that a jury trial is a trial in the Circuit Court before a judge and a jury and that I can partic[ipate] in the process of selecting a jury of twelve (12) citizens from the Third Circuit. This jury w[ould hear] the evidence in my case and then decide if I am guilty or not guilty. Finally I understand [in] order for me to be convicted by a jury, their vote must be unanimous.

3. ____ I know that if I give up my right to a jury trial, the trial will be held in this Court be[fore a] judge who alone would decide if I am guilty or not guilty. I request that my case be tried [before a] judge.

· · ·

4b. ____ I am satisfied with my attorney, and am entering this waiver with his her advice.

5. ____ I know that the punishment cannot be increased merely because I want a jury trial.

6. ____ I am entering this waiver of my own free will after careful consideration. No promises or threats have been made to me to induce me to waive my right to a jury trial.[5]

Baker's initials appear in the spaces next to paragraphs 2, 3, 4b, and 5, but do not

---

1. HRS § 709–906(1) (Supp.2010) provides:

 It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member or to refuse compliance with the lawful order of a police officer under subsection (4). The police, in investigating any complaint of abuse of a family or household member, upon request, may transport the abused person to a hospital or safe shelter.
 For the purposes of this section, "family or household member" means spouses or reciprocal beneficiaries, former spouses or reciprocal beneficiaries, persons who have a child in common, parents, children, persons related by consanguinity, and persons jointly residing or formerly residing in the same dwelling unit.

2. The Honorable Andrew Wilson presided over the Entry of Plea hearing.

3. As it appears in the record, the first page of the Waiver of Jury Trial form is truncated on the right side, such that words or portions of words at the right edge of paragraphs 2 and 3 are missing and cannot be seen. The portions of paragraphs 2 and 3 that cannot be seen are set forth in brackets above. The words and portions of words included in the brackets are taken from Baker's application. Baker does not argue that the form as executed was missing these words or portions of words.

4. "AFHM," which was handwritten, apparently refers to abuse of family or household member.

5. Paragraph 4a was directed towards pro se defendants. Although Baker initialed next to this paragraph, it appears to have been subsequently lined through.

appear in the space next to paragraph 6. Baker signed his name below paragraph 6. Below Baker's signature, the form included the following language:

CERTIFICATE OF COUNSEL

As counsel for defendant and as an officer of the Court, I certify that I have read and explained fully the foregoing, that I believe that the defendant understands the document in its entirety, that the statements contained therein are in conformity with my understanding of the defendant's position, that I believe that the defendant's waiver is made voluntarily and with intelligent understanding of the nature of the charge and possible consequences, and that the defendant signed this form in my presence.

Baker's counsel signed below this paragraph. During the entry of plea hearing, the following exchange occurred:

THE COURT: You're Kaolino Baker?

MR. BAKER: Yes.

THE COURT: I'm looking at a document, and showing it to you, entitled "Waiver of Jury Trial." It's two pages. Is that your signature on the back?

MR. BAKER: Yes.

THE COURT: And you signed this on February 23, 2011?

MR. BAKER: Yes.

THE COURT: Do you have any questions about this document?

MR. BAKER: No.

THE COURT: In the last 24 hours have you had any alcohol or any drugs or medicine?

MR. BAKER: No.

THE COURT: Is your mind clear?

MR. BAKER: Yes.

THE COURT: You speak and understand the English language?

MR. BAKER: Yes.

THE COURT: Okay. Do you have— you've gone over this with your lawyer so far?

MR. BAKER: Yes.

THE COURT: Okay. I'm going to hand this back to you and have you sign this, that you acknowledge that we went over this in open court and you know what you're doing. Okay?

The Court will order you to return here on March 23rd at 8:30 a.m. for pretrial conference.

[DPD]: Thank you.

Baker again signed the form below the following language: "I acknowledge that ... Judge A. Wilson questioned me personally in open court to make sure that I knew what I was doing and understood this form before I signed it."

The family court held a bench trial on June 8, 2011, and August 10, 2011,[6] at the conclusion of which the family court determined that the State proved beyond a reasonable doubt that Baker committed the offense of Abuse of Family or Household Member. Accordingly, the family court entered its Judgment, Guilty Conviction and Sentence finding Baker guilty, and sentencing him to two years of probation.[7] Baker timely filed a notice of appeal.

**B. ICA Appeal**

In his opening brief, Baker argued, inter alia, that the family court plainly erred in failing to ensure that he had "fully" waived his right to a jury trial. Specifically, Baker argued that he did not "knowingly and voluntarily" waive his right to a jury trial. Baker noted that the waiver form "was not adequately filled out," and that the family court "failed to conduct a colloquy to ensure that Baker knowingly and voluntarily waived his right to a jury trial."

In its answering brief, the State argued that Baker's waiver of his right to a jury trial

---

6. The Honorable Joseph P. Florendo, Jr., presided.

7. A special term of Baker's probation required him to serve 30 days in jail, 25 of which were suspended for a period of two years, provided that Baker: (1) remained arrest and conviction free; (2) complied with counseling orders; (3) remained drug and alcohol free; and (4) completed court ordered assessments or counseling. Baker also received one day of credit for time served.

was sufficient because he executed a written waiver and stated in a colloquy that he understood what he was doing after discussing it with his attorney.

The ICA issued a memorandum opinion affirming the judgment of the family court. The ICA held that, under the totality of the circumstances, Baker validly waived his right to a jury trial. The ICA noted that Baker had submitted the waiver of jury trial form, had been questioned by the family court, and that nothing in the record suggested that Baker had been pressured or coerced into waiving his right to a jury trial. The ICA also rejected Baker's other arguments on appeal. On July 16, 2013, the ICA entered its judgment on appeal, and, on September 16, 2013, Baker timely filed his application for writ of certiorari. On September 25, 2013, the State timely filed its response.

## II. Standard of Review

▆▆ The validity of a criminal defendant's waiver of his or her right to a jury trial presents a question of state and federal constitutional law. . . . We answer questions of constitutional law by exercising our own independent constitutional judgment based on the facts of the case. Thus, we review questions of constitutional law under the right/wrong standard.

*State v. Friedman*, 93 Hawaiʻi 63, 67, 996 P.2d 268, 272 (2000) (citations and quotation marks omitted).

## III. Discussion

▆▆ In his application, Baker argues that the family court did not adequately ensure that his waiver of his right to a jury trial was made voluntarily, knowingly, and intelligently. Baker asserts that the waiver form was

not properly executed, and that the family court's colloquy was "woefully deficient." For the reasons set forth below, we conclude that the family court failed to ensure that Baker's waiver of his right to a jury trial was voluntary and that Baker is therefore entitled to a new trial.

▆▆ "Trial by jury is considered fundamental to our system of criminal justice." *State v. Pokini*, 55 Haw. 640, 656, 526 P.2d 94, 108 (1974). Accordingly, "[t]rial by jury is the normal and, with occasional exceptions, the preferable mode of disposing of issues of fact in criminal cases above the grade of petty offenses." *Patton v. United States*, 281 U.S. 276, 312, 50 S.Ct. 253, 74 L.Ed. 854 (1930), *abrogated in part on other grounds*, *Williams v. Florida*, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970); *see also United States v. Goodwin*, 457 U.S. 368, 383 n. 18, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982). In general, a criminal defendant is entitled to a trial by jury when the potential penalty for the charged crime is imprisonment for six months or more.[8] *See* HRS § 806–60 (1993). To help ensure that a defendant is aware of his right to a jury trial, HRPP Rule 5(b)(1) provides that, during arraignment, "the court shall, in appropriate cases, inform the defendant of the right to jury trial in the circuit court and that the defendant may elect to be tried without a jury in the district court." Here, Baker had a right to a jury trial because a person convicted of abuse of a family or household member, a misdemeanor, may be imprisoned for up to one year. *See* HRS §§ 709–906(5) and 706–663.

▆▆ As HRPP Rule 5(b)(1) makes clear, however, a defendant is entitled to waive the right to be tried by a jury. *See State v. Ibuos*, 75 Haw. 118, 121, 857 P.2d

---

8. In certain cases, this court has recognized the right to a jury trial under the Hawaiʻi Constitution for particular offenses even though the maximum authorized terms of imprisonment do not exceed six months. *See, e.g., State v. Nakata*, 76 Hawaiʻi 360, 374, 878 P.2d 699, 713 (1994). In this regard, if the maximum term of imprisonment for a particular offense does not exceed thirty days, it is presumptively a petty offense to which the right to a jury trial does not attach. *State v. Lindsey*, 77 Hawaiʻi 162, 165, 883 P.2d 83, 86 (1994). This presumption can only be overcome in extraordinary cases, when consider- ation of the treatment of the offense at common law, the gravity of the offense, and the authorized penalty for the offense, "unequivocally demonstrates that society demands that persons charged with the offense at issue be afforded the right to a jury trial." *Id.* If the maximum authorized term of imprisonment for an offense is more than thirty days but not more than 180 days, no presumption applies, and the three factors set forth above must be considered to determine whether the right to a jury trial attaches. *Id.* at 165 n. 5, 883 P.2d at 86 n. 5.

**6**

576, 578 (1993); HRPP Rule 5(b)(3) ("In appropriate cases, the defendant shall be tried by jury in the circuit court unless the defendant waives in writing or orally in open court the right to trial by jury."). "A waiver is the knowing, intelligent, and voluntary relinquishment of a known right." *Friedman*, 93 Hawai'i at 69, 996 P.2d at 274. This court reviews "the validity of a defendant's waiver of his/her right to a jury trial under the totality of the circumstances surrounding the case, taking into account the defendant's background, experience, and conduct." *Id.* at 70, 996 P.2d at 275; *State v. Sprattling*, 99 Hawai'i 312, 321, 55 P.3d 276, 285 (2002).

 A defendant's waiver of the right to a jury trial must also be approved by the trial court. *See* HRPP Rule 23(a) ("Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial with the approval of the court." (emphasis added)). "The granting of such approval is a 'serious and weighty responsibility[.]' " *United States v. Saadya*, 750 F.2d 1419, 1421 (9th Cir.1985) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 465, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)); *see also State v. Chong Hung Han*, 130 Hawai'i 83, 92, 306 P.3d 128, 137 (2013) (quoting *United States v. Duarte–Higareda*, 113 F.3d 1000, 1003 (9th Cir.1997)). As the Supreme Court has explained,

> the duty of the trial court in [this] regard is not to be discharged as a mere matter of rote, but with sound and advised discretion, with an eye to avoid unreasonable or undue departures from that mode of trial or from any of the essential elements thereof, and with a caution increasing in degree as the offenses dealt with increase in gravity.

*Patton*, 281 U.S. at 312–13, 50 S.Ct. 253. The failure to obtain a valid waiver constitutes reversible error. *Sprattling*, 99 Hawai'i at 321, 55 P.3d at 285.

 Consistent with this "serious and weighty responsibility," the trial court has an obligation to ensure, through an appropriate oral colloquy in court, that the waiver was knowingly, intelligently, and voluntarily given. *See State v. Gomez–Lobato*, 130 Hawai'i 465, 469, 312 P.3d 897, 901 (2013); *cf. Tachibana v. State*, 79 Hawai'i 226, 236, 900 P.2d 1293 (1995) (requiring on-the-record waiver of defendant's right to testify). In other words, while the defendant may execute a written waiver form, the court should also engage in an appropriate oral colloquy with the defendant to establish that the waiver was knowing, intelligent, and voluntary. *See Gomez–Lobato*, 130 Hawai'i at 469, 312 P.3d at 901; *Ibuos*, 75 Haw. at 121, 857 P.2d at 578 ("The necessity for colloquy between the court and a defendant is especially apparent in light of the importance we place on the personal nature of a defendant's right to a jury trial."); *Friedman*, 93 Hawai'i at 68, 996 P.2d at 273 (advising trial courts to engage in an oral colloquy to aid in ensuring voluntary waivers). The failure to obtain a valid waiver constitutes reversible error. *Sprattling*, 99 Hawai'i at 321, 55 P.3d at 285.

 Generally, "[w]here it appears from the record that a defendant has voluntarily waived a constitutional right to a jury trial, the defendant carries the burden of demonstrating by a preponderance of the evidence that his/her waiver was involuntary." *Friedman*, 93 Hawai'i at 69, 996 P.2d at 274; *Ibuos*, 75 Haw. at 121, 857 P.2d at 578. Here, however, the record does not indicate that the family court considered the voluntariness of Baker's waiver.

Whether Baker's waiver was voluntary appears to have been addressed in paragraph six of the waiver form, which included the following language: "I am entering this waiver of my own free will after careful consideration. No promises or threats have been made to me to induce me to waive my right to a jury trial." Baker signed his initials next to every paragraph on the waiver form except this one. The State notes that Baker signed the waiver form immediately below paragraph 6. Baker argues, however, that he overlooked paragraph 6 because it was at the top of the second page of the waiver form. In short, the incomplete waiver form fails to support a finding that Baker's waiver was voluntarily given.

The court's in-court colloquy is also silent with respect to voluntariness. As stated above, during the entry of plea hearing, the following exchange occurred:

THE COURT: You're Kaolino Baker?

MR. BAKER: Yes.

THE COURT: I'm looking at a document, and showing it to you, entitled "Waiver of Jury Trial." It's two pages. Is that your signature on the back?

MR. BAKER: Yes.

THE COURT: And you signed this on February 23, 2011?

MR. BAKER: Yes.

THE COURT: Do you have any questions about this document?

MR. BAKER: No.

THE COURT: In the last 24 hours have you had any alcohol or any drugs or medicine?

MR. BAKER: No.

THE COURT: Is your mind clear?

MR. BAKER: Yes.

THE COURT: You speak and understand the English language?

MR. BAKER: Yes.

THE COURT: Okay. Do you have— you've gone over this with your lawyer so far?

MR. BAKER: Yes.

THE COURT: Okay. I'm going to hand this back to you and have you sign this, that you acknowledge that we went over this in open court and you know what you're doing. Okay?

The Court will order you to return here on March 23rd at 8:30 a.m. for pretrial conference.

[DPD]: Thank you.

9. HRPP Rule 5(b)(3) provides:
 (3) Jury Trial Election. In appropriate cases, the defendant shall be tried by jury in the circuit court unless the defendant waives in writing or orally in open court the right to trial by jury. If the defendant does not waive the right to a trial by jury at or before the time of entry of a plea of not guilty, the court shall commit the defendant to the circuit court for trial by jury. Within 7 days after the district court's oral order of commitment
 (i) the district court shall sign its written order of commitment,
 (ii) the clerk shall enter the district court's written order, and
 (iii) the clerk shall transmit to the circuit court all documents in the proceeding and any bail

The State argues that HRPP Rule 5(b)(3) [9] does not require "that all boxes on any particular form must be checked," nor "does the rule require any colloquy." As stated above, however, under HRPP Rule 23(a), a defendant's waiver of his right to a jury trial must be approved by the court, and this is a "serious and weighty responsibility." *See Saadya,* 750 F.2d at 1421. Moreover, as this court has stated, "[a]lthough [HRPP Rule 23(a) ] indicates the waiver may be given by written or oral consent, the rule does not relieve the court of its obligation to ensure, through an appropriate oral colloquy in court, that the waiver was knowingly, intelligently, and voluntarily given." *Gomez–Lobato,* 130 Hawai'i at 469, 312 P.3d at 901. Here, Baker failed to sign his initials next to the paragraph addressing voluntariness on the written waiver form, and none of the court's questions were directed towards determining the voluntariness of Baker's waiver. Based on the foregoing, we conclude that the family court failed to ensure that Baker's waiver of his right to a jury trial was voluntary.[10]

### IV. Conclusion

Accordingly, the ICA erred in holding that Baker's waiver of his right to a jury trial was valid. We therefore vacate the ICA's July 16, 2013 judgment, and the family court's August 10, 2011 judgment, and remand the case for a new trial.

Concurring Opinion by ACOBA, J.

Inasmuch as this case is remanded, I would hold that the waiver of the right to jury trial in this case was invalid,[1] because

deposited with the district court; provided, however, that if trial by jury is waived in the circuit court, the proceedings may be remanded to the district court for disposition.

10. In light of our ruling that the family court did not ensure that Baker's waiver of his right to a jury trial was voluntary, we do not consider whether the family court's in-court colloquy was sufficient to establish an intelligent and knowing waiver of that right.

1. I concur with the majority's holding that the family court failed to ensure that Baker's waiver of his right to a jury trial was voluntary. *See* majority opinion at 2–3.

additionally, (1) the Family Court of the Third Circuit (the family court) did not engage Petitioner/Defendant–Appellant Kaolino Richard Baker (Baker) in an on-the-record colloquy that would ensure that he fully understood the right that he was waiving, and (2) Baker's oral waiver was insufficient in that the court did not include in its advisement to Baker on-the-record, the four specific rights that were mentioned in the waiver form,[2] namely, that (1) twelve members of the community compose a jury, (2) defendants may take part in jury selection, (3) jury verdicts must be unanimous, and (4) the court alone decides guilt or innocence if defendants waive a jury trial. *State v. Gomez-Lobato,* 130 Hawai'i 465, 473, 312 P.3d 897, 905 (2013) (Acoba, J., concurring); *see also State v. Friedman,* 93 Hawai'i 63, 68, 996 P.2d 268, 273 (2000) (citations omitted).

### I.

First, it has been explained that "[t]he colloquy in open court informing a defendant of his right to a jury trial at arraignment serves several purposes: (1) it more effectively insures voluntary, knowing and intelligent waivers; (2) it promotes judicial economy by avoiding challenges to the validity of waivers on appeal; and (3) it emphasizes to the defendant the seriousness of the decision." *Friedman,* 93 Hawai'i at 68, 996 P.2d at 274 (internal quotation marks, citation, and punctuation omitted). The failure to obtain such a waiver of this fundamental right constitutes reversible error. *Id.* (citing *State v. Ibuos,* 75 Haw. 118, 120, 857 P.2d 576, 577 (1993)).

A "[c]olloquy is defined as any formal discussion, such as an oral exchange between a

judge, the prosecutor, the defense counsel, and a criminal defendant in which the judge ascertains the defendant's understanding of the proceedings and of the defendant's rights." *State v. Chong Hung Han,* 130 Hawai'i 83, 90, 306 P.3d 128, 135 (2013) (internal quotation marks and citation omitted) (emphases in original). In addition to the deficiencies the majority points out with respect to the waiver form, it is abundantly clear that the colloquy in this case did not sufficiently allow the judge to "ascertain[ ] [Baker's] understanding of the proceedings and of [his] rights." *Id.* (internal quotation marks and citation omitted).

Here, the family court engaged in the following exchange with Baker during the entry of plea hearing[3]:

THE COURT: You're Kaolino Baker?

MR. BAKER: Yes.

. . . .

THE COURT: And you signed [the "Waiver of Jury Trial" Form] on February 23, 2011?

MR. BAKER: Yes.

THE COURT: Do you have any questions about this document? MR. BAKER: No.

. . . .

THE COURT: Is your mind clear?

MR. BAKER: Yes.

THE COURT: You speak and understand the English language?

MR. BAKER: Yes.

. . . .

THE COURT: Okay. I'm going to hand this back to you and have you sign this, that you acknowledge that we went over

---

2. The waiver form as it appears in the record is severed on the right side, but apparently states in part that:

 I understand that I have the constitutional right to a jury trial. Furthermore, I under[stand] that a jury trial is a trial in the Circuit Court before a judge and a jury and that I can partic[ipate] in the process of selecting a jury of twelve (12) citizens from the Third Circuit. This jury w[ould hear] the evidence in my case, and then decide if I am guilty or not guilty. Finally I understand [that] in order for me to be convicted by a jury, their vote must be unanimous.

 I know that if I give up my right to a jury trial, the trial will be held in this [c]ourt b[efore a] judge would alone decide if I am guilty or not guilty. I request that my case be tried [before a] judge.

3. Baker was charged with Abuse of a Family or Household Member, Hawai'i Revised Statutes § 709–906(1) (Supp.2010). This exchange with the family court took place after Baker pled not guilty and executed a "Waiver of Jury Trial" form.

this in open court and you know what you're doing. Okay?

The [c]ourt will order you to return here on March 23rd at 8:30 a.m. for pretrial conference.

Plainly, the family court did not ascertain whether the defendant understood the proceedings and the rights that he was waiving. The questions of the family court focused on Baker's signing of the waiver form, asking "yes" or "no" questions. The questions did not ask Baker anything about the specific contents of the form, or explain its significance. The family court asked only "[d]o you have any questions about this document?", a question which would not go to whether the defendant understood the substance of the rights he was waiving. The family court ended its questioning with the statement that "I'm going to hand this back to you and have you sign [the form], that you acknowledge that we went over this in open court and you know what you're doing[,]" (emphasis added), but the family court did not in fact review the form in open court or explain to the defendant any provisions of the form, let alone obtain an assurance that he understood the rights he was waiving. *See Han,* 130 Hawai'i at 90, 306 P.3d at 135. Under these circumstances, the court's colloquy was deficient and thus did not ensure that the defendant's waiver of his right to a jury trial was made knowingly, intelligently, and voluntarily.

## II.

Second, in order to ensure that a waiver of the constitutional right to a trial by jury, Haw. const. art. I, § 14, is knowingly, intelligently and voluntarily made, courts must conduct an on-the-record colloquy that includes informing the defendant that (1) twelve members of the community compose a jury, (2) defendants may take part in jury selection, (3) jury verdicts must be unanimous, and (4) the court alone decides guilt or innocence if defendants waive a jury trial. *Gomez–Lobato,* 130 Hawai'i at 473, 312 P.3d at 905 (Acoba, J., concurring). *See Friedman,* 93 Hawai'i at 68, 996 P.2d at 273 (citations omitted). For "[i]t is not difficult to foresee that courts will continue to be faced in the future with … questions as to the validity of jury trial waivers." *Gomez–Lobato,* 130 Hawai'i at 485, 312 P.3d at 917 (Acoba, J., concurring).

Here, again, this court is faced with the question of whether a defendant's waiver of his right to trial by jury was made knowingly, intelligently, and voluntarily. Thus, I reiterate that individual courts are free to include in their colloquies the four-part on-the-record advisement informing a defendant that "(1) twelve members of the community compose a jury, (2) the defendant may take part in jury selection, (3) a jury verdict must be unanimous, and (4) the court alone decides guilt or innocence if the defendant waives a jury trial." *Id.* (citing *Friedman,* 93 Hawai'i at 69, 996 P.2d at 274). *See also State v. Valdez,* 98 Hawai'i 77, 78, 42 P.3d 654, 655 (App.2002).