**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000627
10-JUN-2020
07:49 AM**

NO. CAAP-18-0000627

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
SIMIN NAJIBI, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTC-16-073875)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Simin Najibi (**Najibi**) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment,[1] filed on July 19, 2017, and the Notice of Entry of Judgment and/or Order and Plea/Judgment,[2] filed on July 20, 2018, in the District Court of the First Circuit, Honolulu Division (**District Court**).

Following a bench trial, Najibi was convicted of Accidents Involving Bodily Injury, in violation of Hawaii Revised Statutes (HRS) § 291C-12.6(a) (2007).[3]

---

[1] The Honorable Thomas A. Haia presided.

[2] The Honorable William M. Domingo presided.

[3] HRS § 2911C-12.6 provides, in relevant part:

> **Accidents involving bodily injury.** (a) The driver of any vehicle involved in an accident resulting in bodily injury to any person shall immediately stop the vehicle at
> > continue...

On appeal, Najibi contends that:

(1)   the District Court's colloquy with her was insufficient to obtain a knowing, intelligent, and voluntary waiver of her right to a jury trial;

(2)   there was insufficient evidence to support her conviction;

(3)   the District Court erred in ordering restitution because:

    (a)   the complaining witness's (**CW**) losses were not the result of Najibi's criminal conduct;

    (b)   the CW's losses were not reasonable and verified; and

    (c)   the court failed to consider Najibi's financial ability to make restitution for the purpose of establishing the time and manner of payment; and

(4)   the District Court erred in "interjecting itself into the trial" by questioning the CW at trial and at the restitution hearing, and "exhibit[ing] bias for the State."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Najibi's points of error as follows:

In State v. Torres, 144 Hawai'i 282, 439 P.3d 234 (2019), the supreme court stated:

> It is well established that Hawai'i law recognizes the right to a jury trial as a fundamental right. State v. Ibuos, 75 Haw. 118, 120, 857 P.2d 576, 577 (1993). This right cannot be relinquished absent a knowing, intelligent, and voluntary waiver. State v. Friedman, 93 Hawai'i 63, 68, 996 P.2d 268, 273 (2000). A waiver is knowing and intelligent when it is made with "full awareness of both the nature of the right being abandoned and the consequences of the decision to

---

3/...continue

the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until the driver has fulfilled the requirements of section 291C-14. Every such stop shall be made without obstructing traffic more than is necessary.

    (b)   Any person who violates subsection (a) shall be guilty of a misdemeanor.

> abandon it." <u>Moran v. Burbine</u>, 475 U.S. 412, 421, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986). A waiver is voluntary when "it was the product of a free and deliberate choice rather than intimidation, coercion, or deception." <u>Id.</u>
>
> When determining whether the waiver of a jury trial is knowing, intelligent, and voluntary, we have "advised the trial courts to conduct <u>Duarte-Higareda</u>'s suggested colloquy." <u>State v. Gomez-Lobato</u>, 130 Hawaiʻi 465, 470, 312 P.3d 897, 902 (2013) (citing <u>Friedman</u>, 93 Hawaiʻi at 69, 996 P.2d at 274). In a <u>Duarte-Higareda</u> colloquy, the trial court informs the defendant "that (1) twelve members of the community compose a jury, (2) the defendant may take part in jury selection, (3) a jury verdict must be unanimous, and (4) the court alone decides guilt or innocence if the defendant waives a jury trial." <u>United States v. Duarte-Higareda</u>, 113 F.3d 1000, 1002 (9th Cir. 1997). Here, the circuit court engaged Torres in a colloquy that essentially tracked the suggested <u>Duarte-Higareda</u> model. However, the <u>Duarte-Higareda</u> colloquy does not address whether a waiver is voluntary.

<u>Id.</u> at 288-89, 439 P.3d at 240-41 (footnotes and brackets omitted).

The court continued: "This court's case law clearly demonstrates that when a defendant waives a fundamental right, there must be an affirmative, on-the-record showing that the waiver of the right is voluntary. It is thus incumbent on the trial court to have a basis to conclude that a waiver is voluntary." <u>Id.</u> at 289, 439 P.3d at 241. "Unless voluntariness is gleaned from the defendant's responses, the trial court must inquire into the voluntariness of the waiver." <u>Id.</u> (citing <u>State v. Baker</u>, 132 Hawaiʻi 1, 7, 319 P.3d 1009, 1015 (2014)). "Accordingly, a direct question about voluntariness is required when the defendant's statements in the colloquy do not indicate that the decision to waive a jury trial is the defendant's own free and deliberate choice." <u>Id.</u> at 289-90, 439 P.3d at 241-42. "To determine whether the waiver was voluntary, we evaluate 'the totality of the facts and circumstances' of the record in [the] case." <u>Id.</u> at 290, 439 P.3d at 242 (citing <u>Friedman</u>, 93 Hawaiʻi at 68-69, 996 P.2d at 273-74).

Here, on March 17, 2017, the District Court held a status conference at which Najibi submitted a signed "Waiver of Jury Trial" form.[4] At that time, the District Court engaged

---

[4] The Honorable Blake T. Okimoto presided.

3

Najibi in the following colloquy:

> THE COURT: All right. Let's start -- let's start with the waiver of --
>
> [DEFENSE COUNSEL]: Of course.
>
> THE COURT: -- jury trial.
>
> Please state your name.
>
> THE DEFENDANT: My name is Simin Najibi.
>
> . . . .
>
> THE COURT: Miss Najibi, is your mind clear today?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: You understand what a jury. A jury consists of twelve citizens drawn from the community that must agree unanimously as to either guilt or -- well, as to guilt before you can be convicted. Do you understand that?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: All right. Do you also understand that once you waive your right to a jury trial, you cannot demand a jury trial?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: All right. Very well.
>
> The court finds that Simin Najibi has knowingly and voluntarily waived her right to a jury trial. The court accepts the waiver of jury trial.

Under Torres, this record is insufficient to establish that Najibi voluntarily waived her right to a jury trial. The District Court did not ask Najibi a direct question about whether her waiver was voluntary. Without such a question, Najibi's responses during the on-the-record colloquy "must demonstrate that [her] waiver was [her] own decision without influence of duress or coercion." Torres, 144 Hawaiʻi at 290, 439 P.3d at 242. On this record, based on the totality of the circumstances, we cannot conclude that Najibi voluntarily waived her right to a jury trial. Thus, the District Court erred in ruling that Najibi's waiver was voluntary. Given our conclusion, we do not reach Najibi's remaining points of error.

We therefore vacate the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on July 19, 2017, and the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed

on July 20, 2018, in the District Court of the First Circuit, Honolulu Division.  The case is remanded to the District Court for further proceedings consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawai'i, June 10, 2020.

On the briefs:

Taryn R. Tomasa,
Deputy Public Defender,
for Defendant-Appellant.

Chad Kumagai,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge