**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000028
29-APR-2022
07:53 AM
Dkt. 79 SO**

NO. CAAP-19-0000028

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
BENJAMIN DAVID **OLTHAFER**, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CRIMINAL NO. 3CPC-18-0000194)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Benjamin David **Olthafer** appeals from the **"Judgment** of Conviction and Probation Sentence" entered by the Circuit Court of the Third Circuit.[1] For the reasons explained below, we vacate the Judgment and remand for further proceedings.

On March 13, 2018, a grand jury indicted Olthafer for Felony Abuse of Family or Household Member in violation of Hawaii Revised Statutes § 709-906(1) and (9). A **"Submission** of Stipulated Facts for Bench Trial" was signed by Olthafer, Olthafer's deputy public defender, and the deputy prosecuting attorney on September 5, 2018. The Submission was filed on September 7, 2018. The Judgment was entered on November 8, 2018. This appeal followed.

---

[1] The Honorable Melvin H. Fujino presided.

Olthafer contends that the circuit court "Erred When it Failed to Ensure Olthafer's Waiver of His Right to a Trial by Jury Was Made Intelligently, Knowingly, and Voluntarily."

> The validity of a criminal defendant's waiver of [their] right to a jury trial presents a question of state and federal constitutional law. We answer questions of constitutional law by exercising our own independent constitutional judgment based on the facts of the case. Thus, we review questions of constitutional law under the right/wrong standard.

State v. Baker, 132 Hawai'i 1, 5, 319 P.3d 1009, 1013 (2014) (ellipsis omitted).

In Baker, the defendant signed his initials next to each paragraph on a form indicating that he intended to waive a jury trial, except for the paragraph stating that his waiver was not induced by promises or threats. Id. at 3-4, 319 P.3d at 1011-12. The circuit court then engaged the defendant in a brief colloquy about the form. Id. at 4, 319 P.3d at 1012. On appeal, the supreme court explained that even when the defendant signs a written jury trial waiver form, the trial court is still required to conduct an oral colloquy to establish the validity of the waiver. Id. at 6, 319 P.3d at 1014. The supreme court held that the defendant's waiver of jury trial was not voluntary because the defendant failed to initial next to the paragraph on the waiver form that addressed voluntariness and "none of the court's questions were directed towards determining the voluntariness of [the defendant]'s waiver." Id. at 7, 319 P.3d at 1015.

In this case, the Submission set forth the stipulated facts, then stated:

> 10.   The Defendant has been informed that he has the right to have a trial by jury in case 3CPC-18-194; that in a jury trial, he and his attorney have the right of selecting twelve (12) persons from a panel of potential jurors; that he has a certain number of peremptory challenges which can be used to excuse a juror for any reason; and that all twelve (12) jurors must unanimously agree before a verdict can be given. The Defendant has also been informed that at a trial he has the right to confront and cross-examine the witnesses who testify. The Defendant hereby waives his right to a trial by jury in case 3CPC-18-194 and agrees to have the question of his guilt or innocence determined by

2

the Court alone based upon the above Exhibits attached herein. The Defendant also waives his right to cross-examine the witnesses for case 3CPC-18-194 and agrees to submit the attached Exhibits without cross-examination. Defendant further understands that at trial he would have the right to take the stand and testify or the right not to testify. Defendant hereby waives his right to testify at trial.

On September 5, 2018, the circuit court held a hearing. Olthafer's counsel stated:

> Um, Your Honor, um, may, um, I have gone over the, uh, stipulation for stipulated facts trial with Mr. Olthafer. Um, he has, um, signed as well as the State.
>
> Um, I would ask if I can approach both the, uh, court clerk to submit my exhibits as well as exhibit list and the Court to submit the submission for stipulated facts trial, Your Honor.
>
> THE COURT: Sure.

The circuit court then had an oral colloquy with Olthafer:

> THE COURT: So, Mr. Olthafer, do you know what today's hearing is about?
>
> THE DEFENDANT: I believe this is the hearing that we've been waiting for.
>
> . . . .
>
> THE COURT: Okay? So have you taken any medication, alcohol or illegal drugs within the last 48 hours?
>
> THE DEFENDANT: No.
>
> THE COURT: Okay. And do you know what a stipulated facts trial is?
>
> THE DEFENDANT: The presenting of those facts of the --
>
> THE COURT: All these papers that your attorney just gave me so --
>
> THE DEFENDANT: Yes.
>
> THE COURT: -- when we have a stipulated facts trial there're [sic] not gonna be any witnesses called and so normally -- not normally.
>
> In a trial as a defendant you have the right to see, hear and question witnesses who testify against you, but if they're not gonna be called to the stand you're not gonna see them in person. The Court's just gonna review what's

submitted in the police reports because I think you got a chance to review as well as the doctors' reports.

THE DEFENDANT: Yes.

THE COURT: Okay. And normally when a witness testifies if the prosecutor asks them questions you'll have a right to ask them questions that's known as cross-examination.

But if they submitted just because you're not gonna have live testimony and just on the reports you're not gonna have that opportunity to cross-examine them as to their opinions. You understand?

THE DEFENDANT: Yes.

THE COURT: You gotta answer out loud because we are being recorded.

Do you understand what you're giving up when we have a stipulated facts trial?

THE DEFENDANT: Uh, say that one more time.

THE COURT: Do you understand what you're giving up because you have the right to see, hear and question witnesses who testify against you, but if you have a stipulated facts trial they're not gonna be testifying so it's just gonna be submission of the reports or their opinions without you having the opportunity to ask them questions and to see them because everything is done by paper. Do you understand the difference?

THE DEFENDANT: Yes.

THE COURT: And you're willing to do that?

THE DEFENDANT: Yes.

THE COURT: Okay. Now, also you have a, uh, constitutional right to a jury trial, but if you do a stipulated fact trial as we doing now there's no jury so.

THE DEFENDANT: It's just you.

THE COURT: Just me. So I'm gonna ask -- ask you if you're waiving or giving up your right to a jury trial?

THE DEFENDANT: Yes.

THE COURT: Okay. So in order for me to do that I just wanna make sure you understand what rights you give up when you give up your right to a jury trial. So do you know how many people sit in a jury box?

THE DEFENDANT: About 24?

THE COURT: Okay. There's twelve of them. I mean there's actually chairs in the jury box but there's twelve, and out of those twelve the prosecutor as well as your

attorney and yourself will be allowed to participate in the selection of those twelve jurors. Do you understand?

THE DEFENDANT: Yeah.

THE COURT: Now, if you give up your right to a jury trial you give up your right to participate in the selection of the twelve jurors.

You also give up your right to require the prosecutor who has the burden to convince each juror individually of your guilt by proof beyond a reasonable doubt, and you also give up your right to require the jurors to unanimously agree.

In other words all twelve of them have to agree before they can convict you of a guilt [sic] by proof beyond a reasonable doubt. Do you understand?

THE DEFENDANT: Yes.

THE COURT: Okay. You have any questions about what rights you give up when you give up your right to jury trial?

THE DEFENDANT: No.

THE COURT: So you okay with them -- your attorney, uh, submitting the -- doing a stipulated facts trial with the exhibits submitted to the Court?

THE DEFENDANT: Have you already had a chance to review these documents?

THE COURT: Yes.

THE DEFENDANT: And so you're familiar with?

THE COURT: When they, um, as an example when the examiners' reports came in --

THE DEFENDANT: Mmm-hmm.

THE COURT: -- then remember the Court had to determine, one, if you're fit --

THE DEFENDANT: (Indiscernible)

THE COURT: -- to proceed.

THE DEFENDANT: Right.

THE COURT: And so in these reports the examiner talks about your fitness as well as whether or not you have penal responsibility or state of mind.

THE DEFENDANT: Mmm-hmm.

THE COURT: So I've reviewed those reports. Also your attorney has submitted in advance the, um, exhibits. So the Court only reviews them if they're going to, um, receive them as part of the trial. That's what exhibits are.

5

> So like any trial whether or not you had a jury or just a judge trial the parties will submit exhibits. The exhibit list has exhibits and the other side can oppose or not, and then the Court would determine if the exhibit is received.
>
> Once it's received into evidence then the Court and/or the jury if there was a jury trial would consider that as part of the decision-making process. So you understand that?
>
> THE DEFENDANT: I need to move forward in your hands.
>
> THE COURT: But you have rights so I just wanna make sure you understand the difference with a stipulated facts trial versus a bench trial versus the jury trial.
>
> So a bench trial can just be with the judges -- with the judge and without the jury, and then you could still have witnesses without the jury present and the Court would just make a determination.
>
> A stipulated, uh, facts trial is the parties just submit the documents to the Court and then the Court will make a review and make a decision. Do you understand?
>
> THE DEFENDANT: Yes.

The Hawaiʻi Supreme Court has held:

> [W]hen a defendant waives a fundamental right, there must be an affirmative, on-the-record showing that the waiver of the right is voluntary. It is thus incumbent on the trial court to have a basis to conclude that a waiver is voluntary. Unless voluntariness is gleaned from the defendant's responses, the trial court must inquire into the voluntariness of the waiver. Accordingly, *a direct question about voluntariness is required* when the defendant's statements in the colloquy do not indicate that the decision to waive a jury trial is the defendant's own free and deliberate choice.

State v. Torres, 144 Hawaiʻi 282, 289-90, 439 P.3d 234, 241-42 (2019) (emphasis added) (citation omitted). Neither the Submission nor Olthafer's statements during the colloquy indicate that the decision to waive a jury trial was his own free and deliberate choice. The circuit court never asked Olthafer a direct question whether he was voluntarily waiving his right to a jury trial, whether anyone was forcing him to give up his right to a jury trial, or whether his waiver of his right to a jury trial was induced by promises or threats. We conclude that the

6

circuit court erred by failing to ensure that Olthafer's waiver of his right to a trial by jury was made voluntarily.

Based upon the foregoing, we vacate the Judgment and remand to the circuit court for further proceedings.

DATED:  Honolulu, Hawaiʻi, April 29, 2022.

On the briefs:

Kimberly B. Taniyama,
for Defendant-Appellant.

Charles E. Murray III,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge