STATE OF HAWAII, Plaintiff-Appellee, *v.* LAWRENCE WILLIAMS, Defendant-Appellant

NO. 10797

(CASE NOS. TR 22 & TR 419)

JUNE 17, 1986

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI. JJ

OPINION OF THE COURT BY WAKATSUKI, J.

Defendant-appellant, Lawrence Williams, was arrested on March 9, 1985 for committing the offense of Driving Under the Influence of Intoxicating Liquor ("DUI"), Hawaii Revised Statutes (HRS) § 291-4(a). On May 8, 1985, he pleaded guilty and was sentenced to the penalties authorized under HRS § 291-4(b)(1) for a first offense DUI conviction. The district court was subsequently notified by the Division of Driver Education that defendant's traffic abstract showed defendant had a prior conviction for DUI in June of 1983. The parties were notified that a hearing for re-sentencing would be held on July 22, 1985. At the hearing and over defendant's objection, the court amended defendant's original sentence to impose the stiffer penalties required under HRS

§ 291-4(b)(2) for a DUI offense occurring within five years of a prior DUI conviction.

Although defendant contends that the amended sentence should be vacated and the original sentence reinstated, we hold that defendant's guilty plea and sentence are void under the plain error rule. *See* Hawaii Rules of Penal Procedure 52(b); *State v. Vaitogi,* 59 Haw. 592, 593-94 n.4, 585 P.2d 1259, 1260-61 n.4 (1978).

I.

Rule 11(c) of the Hawaii Rules of Penal Procedure ("HRPP") states that:

The court shall not accept a plea of guilty . . . without first addressing the defendant personally in open court and determining that he understands the following:

(1) the nature of the charge to which the plea is offered; and

(2) the maximum penalty provided by law . . . which may be imposed for the offense to which the plea is offered;

.   .   .   .

A trial judge is *constitutionally* required to ensure that a guilty plea is voluntarily and knowingly entered. *See State v. Vaitogi,* 59 Haw. 592, 595, 585 P.2d 1259, 1261 (1978); *State v. Dicks,* 57 Haw. 46, 49, 549 P.2d 727, 730 (1976). Although no specific dialogue is required, the court should make "an affirmative showing by an on-the-record colloquy between the court and the defendant wherein the defendant is shown to have a full understanding of what the plea of guilty connotes and its consequences." *Vaitogi,* 59 Haw. at 602, 585 P.2d at 1265.

The trial court accepted defendant's plea of guilty to the DUI charge without informing defendant of the penalties for a first offense DUI conviction or inquiring as to whether defendant knew or understood the penalties in violation of HRPP 11(c)(2) and the court's constitutional obligation to ensure that the guilty plea was voluntarily and knowingly entered. *See Vaitogi,* 59 Haw. at 598, 585 P.2d at 1263 (an appellate court cannot presume from a silent record that a guilty plea was understandingly given); *id.* at 601, 585 P.2d at 1264-65 (court is constitutionally obligated to inform defendant of the potential penalties). In view of the record of this case, we hold that the trial court committed plain error.

500

## II.

At re-sentencing, defendant's due process rights were further violated when the trial court failed to vacate defendant's guilty plea and allow defendant to enter a guilty plea to the second offense DUI charge only after complying with HRPP 11 and affording defendant his constitutional right to be informed of the second offense penalties.[1] *See Vaitogi,* 59 Haw. 592, 585 P.2d 1259.

## III.

Defendant's guilty plea and sentence are void and the case remanded for a new trial.

*R. Steven Geshell* for defendant-appellant.

*William J. Peterson* (*Arthur E. Ross* on the brief), Deputy Prosecuting Attorney, for plaintiff-appellee.

---

[1]The prosecutor, himself, was not aware of defendant's prior conviction until after the plea was accepted. For immediately before accepting defendant's plea, the trial court asked defendant if this was his first conviction. When the *prosecutor* answered in the affirmative (the defendant did not respond), the court accepted the plea, stated that there was no prior conviction, and proceeded to sentence defendant to the first offense DUI penalties.