**Electronically Filed
Supreme Court
SCWC-15-0000067
21-DEC-2018
08:07 AM**

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---o0o---

STATE OF HAWAIʻI,
Respondent/Plaintiff-Appellee,

vs.

PIERRE HERNANDEZ,
Petitioner/Defendant-Appellant.

SCWC-15-0000067

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-15-0000067; CASE NO. 1DCW-14-0005133)

DECEMBER 21, 2018

McKENNA, POLLACK, and WILSON, JJ.,
WITH NAKAYAMA, J., CONCURRING AND DISSENTING, WITH WHOM
RECKTENWALD, C.J., JOINS

OPINION OF THE COURT BY POLLACK, J.

In this appeal, Pierre Hernandez challenges the validity of his no contest plea and the sentence imposed, both of which occurred after the trial court found that Hernandez had waived his presence at the court proceeding by the filing of a document signed by Hernandez and a declaration by his counsel.

We first conclude that Hernandez's challenge to his sentence was not precluded by his plea of no contest. We also hold that Hernandez's right of allocution, which is protected by the Hawaii Revised Statutes and the Hawai'i Constitution, was violated when the district court did not afford him the opportunity to be heard prior to being sentenced. Lastly, we conclude that the district court's acceptance of Hernandez's no contest plea without an on-the-record colloquy was plain error. We thus vacate Hernandez's conviction and remand the case to the district court for further proceedings consistent with this opinion.

## I.     FACTS AND PROCEDURAL HISTORY

On November 6, 2014, the State of Hawai'i charged Pierre Hernandez by complaint in the District Court of the First Circuit (district court) with harassment by stalking in violation of Hawaii Revised Statutes (HRS) § 711-1106.5.[1]

---

[1]     HRS § 711-1106.5 (1993 & Supp. 2013) provides the following:

(1) A person commits the offense of harassment by stalking if, with intent to harass, annoy, or alarm another person, or in reckless disregard of the risk thereof, that person engages in a course of conduct involving pursuit, surveillance, or nonconsensual contact upon the other person on more than one occasion without legitimate purpose.

(2) A person convicted under this section may be required to undergo a counseling program as ordered by the court.

(continued . . .)

On January 6, 2015, Hernandez through counsel filed a "Rule 43 Plea by Mail" ("plea by mail document" or "the document") pursuant to Rule 43 of the Hawai'i Rules of Penal Procedure (HRPP).[2] The document indicated that Hernandez was

---

(. . . continued)

    (3) For purposes of this section, "nonconsensual contact" means any contact that occurs without that individual's consent or in disregard of that person's express desire that the contact be avoided or discontinued. Nonconsensual contact includes direct personal visual or oral contact and contact via telephone, facsimile, or any form of electronic communication, as defined in section 711-1111(2), including electronic mail transmission.

    (4) Harassment by stalking is a misdemeanor.

[2] HRPP Rule 43 (2012) provides in relevant part as follows:

    (a) Presence required. The defendant shall be present at the arraignment, at the time of the plea, at evidentiary pretrial hearings, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this Rule.

    . . . .

    (d) Presence may be waived for non-felony offenses. In prosecutions for offenses other than a felony, the court may:

    . . . .

    (2) conduct an arraignment in the defendant's absence, if the defendant's residence is out-of-state or on another island, the defendant consents in writing, and a plea of guilty or no contest is

        (A) accepted and sentence is imposed; or

        (B) offered and acceptance is deferred. Except for the requirement of addressing the defendant personally in open court, the court shall otherwise comply with the requirements of Rule 11 and Rule 32 of these Rules.

pleading no contest to the charged offense of harassment by stalking. It also stated that Hernandez understood that (1) he had the right to be present at various proceedings, including arraignment, the entry of plea, and sentencing; (2) he was voluntarily waiving his right to be present at these proceedings and to be questioned in open court; and (3) he was authorizing his lawyer to represent him at the proceedings.

In addition, the plea by mail document stated that Hernandez was consenting to the court's imposition of a sentence in his absence and that he understood "that non-compliance with the court's judgment or order will result in the issuance of a bench warrant, subjecting [him] to being arrested and having to appear in court." Further, the document included a declaration by counsel, stating that Hernandez represented to him that he did not wish to be present and wished for the proceedings to be conducted in his absence; that counsel read and explained the plea by mail document to Hernandez; and that the statements in the document were consistent with counsel's understanding of Hernandez's position.[3]

---

[3] The plea by mail document also contained language conforming to many of the requirements set forth in HRPP Rule 11. The document stated that Hernandez understood the following: the charge against him; that he was giving up the right to a trial by jury or the court; the maximum penalty, which the document states was one year in jail and a fine of $2,000; and the potential effect of a conviction on the immigration and naturalization rights of non-U.S. citizens. However, the document did not describe the conduct underlying the charge or that Hernandez understood that he had the right to

(continued . . .)

At a hearing on January 7, 2015,[4] counsel for Hernandez indicated that Hernandez, who was not present, was residing in another state and had requested deferred acceptance of his no contest plea. The district court stated that it was in receipt of the plea by mail document submitted by counsel that indicated Hernandez had completed twelve years of education, was aware of the charge against him, and understood his possible defenses, as well as the maximum possible penalties and any potential citizenship issues a conviction might raise. Although Hernandez was not physically present and there was no established communication with him at the hearing, the court accepted the no contest plea, ruling that the plea was made knowingly, intelligently, and voluntarily. The court further concluded that Hernandez knowingly, intelligently, and voluntarily waived his right to a jury trial based on a waiver of jury trial form also submitted by defense counsel. The court then found Hernandez guilty as charged and proceeded to sentencing.

Before the court imposed sentence, the complainant provided a statement to the court in which she objected to the

_____

(. . . continued)

plead not guilty, as required by HRPP Rule 11(c). The document also made no reference to Hernandez's right to allocution prior to sentencing.

    [4]    The Honorable Lono J. Lee presided.

granting of a deferral and stated, inter alia, that another complainant had filed a restraining order against Hernandez and that the court should impose jail time.  The court thereupon denied Hernandez's motion for deferral of acceptance of the no contest plea and restated that Hernandez had signed all the waiver documents; that his no contest plea was made knowingly, intelligently, and voluntarily; and that the court had found him guilty.  The district court sentenced Hernandez to a probationary term of eighteen months conditioned on Hernandez serving thirty days in jail and two hundred hours of community service and also imposed fees totaling $130.  The court stated that, if Hernandez was not returning to Hawaiʻi, a mittimus was to issue forthwith.  After counsel for Hernandez indicated that he would send the paperwork to Hernandez and inform him that the court was ordering him to appear on February 9, 2015, the court delayed the mittimus until that date.[5]

Hernandez appealed to the Intermediate Court of Appeals (ICA) from the district court's judgment entered on January 7, 2015,[6] "and all trial and pre-trial motions filed or made by Defendant, that were denied by the Court."[7]

---

[5]    On February 9, 2015, the court continued the stay of the mittimus pending appeal.

[6]    On the same day he filed the notice of appeal to the ICA, counsel for Hernandez filed a motion to withdraw as counsel, in which he stated that

(continued . . .)

## II.        ICA PROCEEDINGS

In his opening brief, Hernandez argued that the district court committed plain error when it violated his constitutional and statutory right of allocution, which he had not waived, by failing to give him an opportunity to make a statement prior to being sentenced.  This court, Hernandez contended, has previously questioned whether the denial of presentence allocution constitutes harmless error and has stated that the remedy under such circumstances is a remand for resentencing.  In addition, Hernandez asserted that the district court did not personally address him, whereas the complainant was permitted to provide a lengthy statement, which included an objection to a possible deferral, an entreaty to impose jail time, and a reference to a separate restraining order against Hernandez.  Hernandez concluded that the denial of his right to

(. . . continued)

his agreement with Hernandez ended at sentencing and that he filed the notice of appeal to preserve Hernandez's right to appeal because of the impending expiration of the thirty-day deadline for filing the appeal.  The district court granted the motion on February 9, 2015, and referred Hernandez to the Office of the Public Defender, which filed a notice of appearance on April 23, 2015.

[7]        Although the quoted language appears in the notice of appeal, the record indicates that there were no "trial and pre-trial motions" by Hernandez other than the motion for deferred acceptance of the no contest plea.

***FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER***

allocution deprived him of his constitutional right to due process under article I, section 5 of the Hawaiʻi Constitution.[8]

In its answering brief, the State argued that the ICA lacked appellate jurisdiction because Hernandez asserted nonjurisdictional claims, which were precluded by the entry of an intelligent and voluntary guilty plea.  Because Hernandez did not file a motion to withdraw his plea and his plea was not made on the condition that he may appeal certain rulings, the State submitted that the case should be dismissed.

Alternatively, the State contended that Hernandez's no contest plea complied with HRPP Rule 11, adding that the district court ensured that his plea was voluntary and not the product of threats or promises.  As to Hernandez's argument regarding his right of allocution, the State maintained that HRPP Rule 43(d)(2) does not require the court to address the defendant, and in any event, Hernandez voluntarily waived his right to be present at all proceedings, including sentencing, authorized his counsel to represent him at sentencing, and waived his right to be questioned in open court.  Thus, the

_____

[8]     Hernandez also argued that the district court committed plain error when it accepted his no contest plea without administering the advisement concerning alien status prior to the entry of a plea of nolo contendere pursuant to HRS § 802E-2.  Inasmuch as this argument is not raised on certiorari, it is not further addressed.

State argued, Hernandez's no contest plea was valid under HRPP Rule 32 (2012).[9]

In his reply, Hernandez contended that the State's argument regarding jurisdiction lacked merit because an appellate court may review an invalid no contest plea under plain error, as in this case. Although his counsel informed the court that he would enter a no contest plea, Hernandez asserted, "it was nonetheless incumbent on the court to address the defendant personally." Hernandez maintained that the court in accepting a guilty plea cannot rely solely on counsel's presence and representations, concluding that an on-the-record colloquy was, at a minimum, required to show that he had full understanding of the no contest plea and its consequences.

On March 17, 2017, the ICA entered a summary disposition order affirming the district court's judgment.[10] The ICA rejected Hernandez's contention that the district court plainly erred by not personally addressing him regarding his

_____

[9]     HRPP Rule 32(a) provides in relevant part as follows:

> After adjudication of guilt, sentence shall be imposed without unreasonable delay. Pending sentence, the court may commit the defendant or continue or alter bail, subject to applicable provisions of law. Before suspending or imposing sentence, the court shall address the defendant personally and afford a fair opportunity to the defendant and defendant's counsel, if any, to make a statement and present any information in mitigation of punishment.

[10]     The ICA's summary disposition order can be found at State v. Hernandez, NO. CAAP-15-0000067, 2017 WL 1034487 (Haw. App. Mar. 17, 2017).

right of allocution prior to imposing sentence. The ICA concluded that Hernandez's claims were not jurisdictional, that he did not file a motion to withdraw his no contest plea, and that his plea was not conditional. The ICA thus concluded that Hernandez was "precluded from 'later asserting any nonjurisdictional claims [to his no contest plea], including constitutional challenges to the pretrial proceedings.'" (Quoting State v. Morin, 71 Haw. 159, 162-63, 785 P.2d 1316, 1318-19 (1990).)

### III. STANDARD OF REVIEW

We review questions of law under the right/wrong standard. State v. Gomez-Lobato, 130 Hawai'i 465, 469, 312 P.3d 897, 901 (2013) (citing State v. Friedman, 93 Hawai'i 63, 67, 996 P.2d 268, 272 (2000)).

### IV. DISCUSSION

On certiorari, Hernandez presents two questions for review: (1) whether the ICA erred in rejecting his appeal of the district court's denial of his right of allocution at sentencing on the basis that the challenge was precluded by his no contest plea and (2) whether the district court plainly erred in accepting his no contest plea when it was not made knowingly, intelligently, and voluntarily. The first question consists of two subparts: (a) whether Hernandez was barred from challenging the manner in which his sentence was imposed because he pleaded

no contest to the charge and (b) whether the district court's failure to personally address Hernandez prior to imposing sentence violated his right of allocution. We consider these issues below.

## A. Hernandez's Challenge to the Legality of His Sentence

### 1. The ICA Erred in Rejecting Hernandez's Claim on the Basis that It Was Nonjurisdictional.

Hernandez contends that the ICA erred in concluding that he was barred from asserting that the district court deprived him of his right of allocution because it was a nonjurisdictional claim. Hernandez reasons that allocution arises during sentencing--after the plea has been accepted--and Hawai'i courts have distinguished between challenges made to events that occur before the plea and those that occur after the plea.

We have held that "[g]enerally, a guilty plea made voluntarily and intelligently precludes a defendant from later asserting any nonjurisdictional claims, including constitutional challenges to the pretrial proceedings." State v. Morin, 71 Haw. 159, 162, 785 P.2d 1316, 1318 (1990) (citing Brady v. United States, 397 U.S. 742 (1970)). A no contest plea is equivalent to a guilty plea in terms of waiving alleged nonjurisdictional claims. Id.

Pretrial nonjurisdictional defects--such as unlawfully obtained evidence and illegal detention by law enforcement--are pretrial errors that do not deprive a trial court of its legal authority to hear and decide a case, and challenges to such errors generally will not survive a validly entered plea of guilty or nolo contendere.  See Schwartz v. State, 136 Hawai'i 258, 281, 361 P.3d 1161, 1184 (2015); Morin, 71 Haw. at 162, 785 P.2d at 1318.  In State v. Morin, for example, the defendants were charged with various drug and firearm-related offenses.  71 Haw. at 160, 785 P.2d at 1317.  The defendants filed a motion to suppress all evidence obtained by law enforcement.  Id. at 161, 785 P.2d at 1318.  Following the district court's denial of the motion to suppress, the defendants entered no contest pleas in exchange for a reduction and dismissal of charges against them. Id.  On appeal, the defendants challenged the district court's denial of their motion to suppress; they did not challenge the validity of their no contest pleas.  Id. at 162, 785 P.2d at 1318.  This court held that the defendants' pleas precluded them from challenging any nonjurisdictional issues.  Id. at 163, 785 P.2d at 1319.  We stated,

> To allow the Defendants to plead no contest in exchange for the reduction and dismissal of charges against them, and then to permit them to attack the remaining convictions achieved by those pleas, where those pleas were not conditioned upon the right to appeal, would jeopardize the integrity of the plea bargaining process.

Id. Thus, based on Morin, a defendant who validly pleads guilty or no contest to a charged offense is generally barred from raising nonjurisdictional claims related to pretrial proceedings when the plea is not expressly conditioned upon the right to appeal specific rulings. Id. at 162, 785 P.2d at 1319. But Morin's holding applies to only pretrial errors occurring before the valid entry of a plea, and--unless a sentencing agreement establishes the details of the defendant's sentence before the plea is entered--it does not extend to matters related to sentencing. See State v. Dudoit, 90 Hawaiʻi 262, 265 n.2, 978 P.2d 700, 703 n.2 (1999).

This court has in fact expressly stated that, absent a prior sentencing agreement between the defendant and the State, a defendant is not barred by a guilty or no contest plea from raising nonjurisdictional claims related to sentencing on appeal. In State v. Dudoit, the defendant pleaded no contest to two counts of abuse of a family or household member. Id. at 264-65, 978 P.2d at 702-03. After accepting the defendant's no contest pleas, the family court proceeded to sentencing, at which the parties disputed the applicability of a statutory repeat offender provision. Id. at 265, 978 P.2d at 703. The family court concluded that the provision did apply and sentenced the defendant accordingly. Id.

13

On appeal, the defendant solely challenged his sentence. Id. at 263, 978 P.2d at 701. This court found that there was no indication in the record that the defendant agreed upon the sentence to be imposed. Id. at 265 n.2, 978 P.2d at 703 n.2. We stated that a "sentence is determined after a plea is accepted, and (absent a prior agreement between the parties) a defendant cannot know what sentence will be imposed." Id. We thus held that the defendant's no contest pleas did not preclude him from challenging his sentence, and we therefore considered the merits of the defendant's appeal. Id. at 265 n.2, 267-75, 978 P.2d at 703 n.2, 705-13; see also State v. Rauch, 94 Hawaiʻi 315, 323, 13 P.3d 324, 332 (2000) (holding that the defendant's challenge to the legality of her sentence was not foreclosed by a no contest plea).

In concluding that Hernandez's claims were barred by his no contest plea, the ICA determined that Hernandez did not file a motion to withdraw his plea and that the "no contest plea was not conditional." As stated, however, a defendant's challenge to the legality of a sentence, including the manner in which the sentence was imposed, is not barred by a guilty or no contest plea absent a prior sentencing agreement between the defendant and the State. The record in this case lacks any indication that Hernandez entered into an agreement with the State as to the sentence to be imposed. Rather, the plea by

14

mail document stated only that Hernandez was waiving his right to be present at sentencing and to be questioned in open court. Thus, Hernandez was not required to file a motion to withdraw his plea in order to assert nonjurisdictional claims related to sentencing on appeal.  See Rauch, 94 Hawai'i at 323, 13 P.3d at 332 (considering the merits of an appeal of sentence without regard to whether the defendant had filed a motion to withdraw a no contest plea); Dudoit, 90 Hawai'i at 265-75, 978 P.2d at 703-13 (same).

Further, the ICA's alternative ground for concluding that it lacked jurisdiction to consider the appeal in this case--that Hernandez's no contest plea was not conditional--is inapposite.  A conditional plea is employed when the defendant seeks to challenge on appeal a ruling involving a pretrial motion, which is a circumstance that is not present in this case.  HRPP Rule 11(a)(2) (2014) states in relevant part, "With the approval of the court and the consent of the State, a defendant may enter a conditional plea of guilty or no contest, reserving in writing the right, on appeal from the judgment, to seek review of the adverse determination of any specific pretrial motion."  (Emphases added.)  Hernandez does not seek review of an "adverse determination of any specific pretrial motion," but rather, the manner in which his sentence was

imposed following the district court's acceptance of his no contest plea.

Consequently, the ICA erred in concluding that Hernandez's assertion of nonjurisdictional claims regarding his sentencing on appeal was barred by his no contest plea.

## 2. The District Court Erred in Denying Hernandez the Right of Allocution.

HRPP Rule 43(d)(2)(A) (2012) permits a court to conduct an arraignment in the absence of a defendant who pleads guilty or no contest to non-felony offenses if the defendant resides out of state or on another island, the defendant consents in writing, and the plea is accepted and sentence is imposed. Under such circumstances, the penal rule allows a court to dispense with the requirement of addressing the defendant personally in open court. See HRPP Rule 43(d)(2)(B) (cross-referencing HRPP Rule 32(a) (2012)). On certiorari, Hernandez contends that, while he waived his right to be present at sentencing, he did not waive his right of allocution and was denied this right when he was not afforded an opportunity to speak prior to the imposition of sentence.

"Allocution is 'the defendant's right to speak before sentence is imposed[.]'" State v. Chow, 77 Hawaiʻi 241, 246, 883 P.2d 663, 668 (App. 1994) (alteration in original) (quoting R. Dawson, Sentencing 52 n.83 (1969)). We have stated that

allocution is a due process right guaranteed under article I, section 5 of the Hawaiʻi Constitution.[11]  State v. Davia, 87 Hawaiʻi 249, 255, 953 P.2d 1347, 1353 (1998) (citing Chow, 77 Hawaiʻi at 246-47, 883 P.2d at 668-69).  In addition, HRS § 706-604(1) (2014) provides, "Before imposing sentence, the court shall afford a fair opportunity to the defendant to be heard on the issue of the defendant's disposition."  (Emphasis added.)  Similarly, HRPP Rule 32(a) requires that the court, prior to imposing sentence, "address the defendant personally and afford a fair opportunity to the defendant and defendant's counsel, if any, to make a statement and present any information in mitigation of punishment."  (Emphases added.)

It is undisputed that, after accepting Hernandez's no contest plea and finding him guilty, the district court in this case did not address Hernandez personally and afford him an opportunity to make a statement and present information in mitigation of punishment before proceeding to sentencing.  The court heard from the complainant, reiterated that it had already found Hernandez guilty, and imposed sentence.  In its answering

---

[11]    Article I, section 5 of the Hawaiʻi Constitution provides as follows: "No person shall be deprived of life, liberty or property without due process of law, nor be denied the equal protection of the laws, nor be denied the enjoyment of the person's civil rights or be discriminated against in the exercise thereof because of race, religion, sex or ancestry."

brief, however, the State contended that the court was not required to address Hernandez personally because he had waived his right to be present at sentencing pursuant to HRPP Rule 43.

While HRPP Rule 43 permits a defendant who pleads guilty or no contest to non-felony offenses to waive the right to be present at sentencing and allows the court to forego the requirement of HRPP Rule 32(a) that it personally address the defendant,[12] nothing in the plea by mail document signed by Hernandez evinces that he was informed or otherwise knew of his right of allocution. "A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege." Reponte v. State, 57 Haw. 354, 361, 556 P.2d 577, 583 (1976) (emphasis added) (quoting Johnson v. Zerbst, 304 U.S. 458, 464 (1938)); accord State v. Friedman, 93 Hawaiʻi 63, 68, 996 P.2d 268, 273 (2000) ("A waiver is the knowing, intelligent, and voluntary relinquishment of a known right." (emphasis added)); State v. Barros, 105 Hawaiʻi 160, 168, 95 P.3d 14, 22 (App. 2004) (same). Because the record lacks any indication that Hernandez knew of his "right to speak before sentence is imposed," Chow, 77 Hawaiʻi at 246, 883 P.2d at 668 (quoting Dawson, supra, at 52

---

[12]    As previously set forth, HRPP Rule 43(d)(2)(B) provides in relevant part as follows: "Except for the requirement of addressing the defendant personally in open court, the court shall otherwise comply with the requirements of Rule 11 and Rule 32 of these Rules."

n.83), it follows then that Hernandez could not have waived this right.[13]

But even if HRPP Rule 43 is deemed to have excused the court from the allocution requirement of HRPP Rule 32(a), HRS § 706-604(1) separately requires that the court afford the defendant an opportunity to be heard prior to sentencing.[14]  As noted, HRS § 706-604(1) states, "Before imposing sentence, the court <u>shall</u> afford a fair opportunity to the defendant to be

---

[13]  Citing various portions of the plea by mail document purporting to be waivers of Hernandez's right to be present and right to be questioned in open court, the dissent argues that Hernandez knowingly relinquished his right "to engage with the court in-person at both sentencing and plea-entry," which it views as encompassing the right to allocution.  Dissent at 15.  But the dissent identifies nothing in the record evincing that Hernandez understood he would have been afforded the right to allocution if he were present at sentencing, and it is axiomatic that Hernandez could not knowingly waive a right he was unaware he possessed.  See <u>Friedman</u>, 93 Hawai'i at 68, 996 P.2d at 273 ("A waiver is the knowing, intelligent, and voluntary relinquishment of a <u>known</u> right." (emphasis added)).  The dissent also points to the declaration of Hernandez's counsel stating that he (the counsel) had explained the right to be present and the plea by mail document to Hernandez. Yet this declaration, too, has no specific reference to the right of allocution, and, as discussed <u>infra</u>, this court has stated that it will not rely on the representations of counsel or speculate about the substance of off-the-record, privileged communications to establish a knowing and voluntary waiver.  See <u>State v. Ui</u>, 142 Hawai'i 287, 299, 418 P.3d 628, 640 (2018) (citing <u>State v. Eduwensuyi</u>, 141 Hawai'i 328, 336, 409 P.3d 732, 740 (2018)).  Thus, even were we to hold that a waiver of all rights related to in-person engagement with the court could be accomplished through the submission of a waiver document or other filing without any interaction between the defendant and the court--which would be fundamentally at odds with our longstanding precedents, <u>see</u> <u>infra</u> note 16 and Section IV.B--the filings in this case would be facially inadequate to establish such a waiver.

[14]  It is self-evident that while a court rule may provide an exception to another court rule, this exception would have no effect upon the statutory or constitutional right of allocution.  See <u>In re Doe Children</u>, 94 Hawai'i 485, 486, 17 P.3d 217, 218 (2001) (stating that when there is a conflict between a court rule and a statute, the statute is controlling).

heard on the issue of the defendant's disposition."  (Emphasis added.)

In addition to this statutory mandate, allocution is a significant right to which the Hawaiʻi Constitution affords protection.  We have stated that the right of allocution is guaranteed under the due process clause of the Hawaiʻi Constitution.  Davia, 87 Hawaiʻi at 255, 953 P.2d at 1353 (citing Chow, 77 Hawaiʻi at 246-47, 883 P.2d at 668-69).  That is, a trial court is constitutionally required to accord a defendant the right to be heard prior to imposing sentence.  Id.; State v. Carvalho, 90 Hawaiʻi 280, 286, 978 P.2d 718, 724 (1999); Schutter v. Soong, 76 Hawaiʻi 187, 208, 873 P.2d 66, 87 (1994).

The importance of allocution is underscored by the multiple purposes it serves.  Allocution is the defendant's "opportunity to affect the totality of the trial court's sentencing determination."  Carvalho, 90 Hawaiʻi at 286, 978 P.2d at 724.  "A prime reason for allowing a defendant the right of allocution is to provide the defendant an opportunity to plead for mitigation of the sentence."  Id. (internal quotation marks omitted).  "But allocution today serves purposes beyond that of sentence mitigation."  Chow, 77 Hawaiʻi at 250, 883 P.2d at 672.

Allocution allows a defendant to acknowledge wrongful conduct, which is "the first step towards satisfying the

20

sentencing objective of rehabilitation." Id. The opportunity to speak prior to sentencing may also have a therapeutic effect on the defendant. Id. Further, allocution is "a significant aspect of the fair treatment which should be accorded a defendant in the sentencing process." Id.

Consistent with these purposes, Hawaiʻi caselaw has strongly protected a defendant's right of allocution. In Davia, the State conceded and this court held that the district court erred in failing to accord the defendant his right of allocution. 87 Hawaiʻi at 255, 953 P.2d at 1353. The Davia court concluded that, if the defendant "is again convicted on remand, the district court should insure that he is afforded an opportunity to speak prior to sentencing." Id.

Additionally, in Carvalho, the circuit court denied the defendant's request for sentencing under the Youthful Offender Act without granting him the right of allocution. 90 Hawaiʻi at 282-83, 978 P.2d at 720-21. On appeal, this court held that, because a court's consideration of the Youthful Offender Act is an aspect of sentencing, the circuit court violated the defendant's right of allocution when it denied him a fair opportunity to be heard on the potential application of the youthful offender statute. Id. at 286, 978 P.2d at 724.

Further, in Chow, the district court sentenced the defendant without first affording him the right to be heard. 77 Hawai'i at 243, 246, 883 P.2d at 665, 668. The ICA held that "the defendant must be given the opportunity to be heard before the court imposes sentence." Id. at 247, 883 P.2d at 669. Ruling that the denial of allocution constitutes error, the ICA vacated the defendant's sentences and remanded the case for resentencing before a different judge. Id. at 251, 883 P.2d at 673. Indeed, the ICA expressed doubt that a court's error in denying a defendant the opportunity to speak prior to imposing sentence could ever be harmless. Id.

Thus, a defendant has a right to be heard prior to being sentenced, which "is constitutionally protected, independent and apart from the mandates of statute . . . and rule." Id. at 246-47, 883 P.2d at 668-69. In this case, the record lacks any indication that the court provided Hernandez the opportunity to be heard prior to imposing sentence.[15] Nor does the record show that Hernandez made any waiver of his right

---

[15]  The fact that Hernandez was not physically present at sentencing is of no consequence to the court's duty to ensure that he is accorded the right to be heard prior to the imposition of sentence. The availability of real-time video communication may allow a defendant's right of allocution at sentencing in qualifying misdemeanor cases to be realized by means other than physical presence. See HRPP Rule 43(e) (allowing for presence by video conference).

of allocution voluntarily and with full understanding of the consequences.

Consistent with the court's constitutional obligation to address the defendant as to the right of allocution, the court has a duty to ensure that a defendant's waiver of this right is knowingly, intelligently, and voluntarily made. "It is well settled in Hawai'i law that a defendant relinquishes fundamental rights only when a waiver is undertaken intelligently, knowingly, and voluntarily." State v. Ui, 142 Hawai'i 287, 293, 418 P.3d 628, 634 (2018). "Reviewing courts will not presume a defendant's acquiescence in the loss of fundamental rights on the basis of a silent record."[16] Id. (citing Wong v. Among, 52 Haw. 420, 424, 477 P.2d 630, 633-34 (1970)).

In sum, because Hernandez was not provided the opportunity to be heard, which is mandated by statute and the Hawai'i Constitution, and the record does not establish a

---

[16] Because, as stated, the plea by mail document did not contain any reference to Hernandez's statutory and constitutional right of allocution, we need not decide whether an effective waiver of the right may be established through the submission of a waiver document or other filings without a colloquy between the court and the defendant. As discussed infra, however, a document that is filed without any direct interaction between the defendant and the court is insufficient to establish a knowing, intelligent, and voluntary waiver of a fundamental right under our precedents.

knowing, intelligent, and voluntary waiver of that opportunity, his right of allocution was violated.[17]

## B. The District Court's Acceptance of Hernandez's No Contest Plea Without a Colloquy

This court will consider issues that have not been preserved below and raised on appeal when necessary to serve the ends of justice. State v. Ui, 142 Hawaiʻi 287, 297, 418 P.3d 628, 638 (2018) (citing State v. Kahalewai, 56 Haw. 481, 491, 541 P.2d 1020, 1027 (1975)). In determining whether a lower court's plain error may be noticed, the relevant inquiry is whether the error affected substantial rights. Id. (citing State v. Miller, 122 Hawaiʻi 92, 100, 223 P.3d 157, 165 (2010)). Hernandez contends that the district court plainly erred in accepting his no contest plea because it was not made knowingly, voluntarily, and intelligently.[18]

---

[17]  The remedy for the denial of a defendant's right of allocution is resentencing. Chow, 77 Hawaiʻi at 248, 883 P.2d at 670 (citing Schutter, 76 Hawaiʻi at 208, 873 P.2d at 85). "For, if the right of allocution is violated, it cannot be known whether the defendant would have said anything that could have resulted in a different sentence." Id. However, in light of our disposition in this case, see infra, the remedy of resentencing is unnecessary.

[18]  The dissent argues that we should not invoke plain error review in this instance because it is a power to be used "sparingly and with caution." Dissent at 2 (quoting Miller, 122 Hawaiʻi at 146, 223 P.3d at 211 (Nakayama, J., dissenting)). To the extent this is an argument that we should not notice and correct errors affecting substantial rights, this court has expressly rejected this position on multiple occasions. See Miller, 122 Hawaiʻi at 117, 223 P.3d at 182 ("[T]he term 'sparingly' refers to the limitation already in place in HRPP Rule 52(b) that the error must be one 'affecting substantial rights.' . . . [W]here plain error has been committed

(continued . . .)

HRPP Rule 43(d)(2) provides that a court need not comply with the requirement in HRPP Rule 11 that it address the defendant personally in open court when the defendant has waived the right to be present at arraignment.  On certiorari, Hernandez contends that the district court erred in accepting his no contest plea without ensuring that his plea was knowingly, intelligently, and voluntarily made.[19]

It is well established "that a guilty plea 'in itself is a conviction and a simultaneous waiver of several important

_____

(. . . continued)

and substantial rights have been affected thereby, the better part of discretion is to invoke the plain error rule." (some internal quotations and alterations omitted) (quoting State v. Fox, 70 Haw. 46, 56, 760 P.2d 670, 676 (1988)); Ui, 142 Hawaiʻi at 298 n.19, 418 P.3d at 639 n.19 ("We reaffirm Miller's holding that where plain error has been committed and substantial rights have been affected thereby, the better part of discretion is to invoke the plain error rule." (internal quotations omitted)); see also State v. Nichols, 111 Hawaiʻi 327, 335, 141 P.3d 974, 982 (2006) (holding that, where the error is a failure to fulfill a constitutional duty placed upon the trial court rather than the litigants, there is a "merger of the plain error and harmless error standards of review").

The dissent further contends that plain error review is inappropriate because Hernandez has not specifically alleged that the trial court's error affected his substantial rights.  Dissent at 11-12.  But Hernandez clearly argues in his application that "[t]he trial court plainly erred in accepting Petitioner's no contest plea as it was not knowingly, voluntarily, and intelligently made."  (Emphasis added.)  Hernandez thus alleges that he was deprived of substantial rights, including the right to a fair trial and all the constituent rights that a fair trial encompasses, because he was convicted without validly waiving any of these rights.  A formalistic recitation of the phrase "substantial rights" is not required.

[19]    Although this argument was raised in the reply brief and is made on certiorari to this court, it was not asserted in the opening brief to the ICA.  Nonetheless, because we conclude that the district court's acceptance of the no contest plea violated substantial rights of Hernandez, we need not address whether the issue was otherwise adequately preserved.

constitutional guarantees[,]' namely, the privilege against compulsory self-incrimination, the right to a trial by jury, and the right to confront one's accusers." State v. Solomon, 107 Hawai'i 117, 127, 111 P.3d 12, 22 (2005) (alteration in original) (quoting Wong v. Among, 52 Haw. 420, 425, 477 P.2d 630, 634 (1970)). Additional constitutional guarantees waived by a guilty plea include the right to testify and the right to have each element of the charged offense proven beyond a reasonable doubt. See Tachibana v. State, 79 Hawai'i 226, 231-32, 900 P.2d 1293, 1298-99 (1995); State v. Murray, 116 Hawai'i 3, 10, 169 P.3d 955, 962 (2007). Thus, "the waiver of these guarantees 'is not constitutionally acceptable unless made voluntarily and with full understanding of the consequences.'" Solomon, 107 Hawai'i at 127, 111 P.3d at 127 (quoting Wong, 52 Haw. at 425, 477 P.2d at 634).

While HRPP Rule 43(d)(2) provides that the court need not comply with the HRPP requirement of addressing the defendant in open court when the defendant has waived the right to be present at arraignment, our court rules must be construed to conform with the dictates of our constitution when such an interpretation is reasonably possible and to yield when there is

irreconcilable conflict.[20]  See Life of the Land, Inc. v. W.
Beach Dev. Corp., 63 Haw. 529, 531, 631 P.2d 588, 590 (1981);
supra note 14.  We have stated that a trial court is
constitutionally obligated to ensure that a defendant's guilty
plea is knowingly and voluntarily entered.  State v. Williams,
68 Haw. 498, 499, 720 P.2d 1010, 1012 (1986).  In determining
the voluntariness of a guilty plea, the trial court should, at a
minimum, "make an affirmative showing by an on-the-record
colloquy between the court and the defendant wherein the
defendant is shown to have a full understanding of what the plea
of guilty connotes and its consequences."  State v. Vaitogi, 59
Haw. 592, 601, 585 P.2d 1259, 1265 (1978).  "Reviewing courts
will not presume a defendant's acquiescence in the loss of
fundamental rights on the basis of a silent record."  Ui, 142
Hawai'i at 293, 418 P.3d at 634 (citing Wong, 52 Haw. at 424, 477
P.2d at 633-34).

For example, in Williams, we held that the trial court
committed plain error when it accepted the defendant's guilty
plea without informing the defendant of the penalties provided
by law or inquiring whether the defendant knew or understood the

---

[20]     By its own terms, HRPP Rule 43(d)(2) excuses the court from
complying with only the requirement of addressing the defendant in open court
established by HRPP Rule 11 (2014) and HRPP Rule 32.  Thus, HRPP Rule
43(d)(2) does not--and indeed, could not--excuse the court from complying
with any obligations established by statute or the constitution.

penalties.  68 Haw. at 499, 720 P.2d at 1012.  We stated that the trial court violated its "constitutional obligation to ensure that the guilty plea was voluntarily and knowingly entered."  Id.  Thus, we concluded the defendant's guilty plea and sentence were void and remanded the case for a new trial. Id.

Similarly, in Solomon, the defendant asserted error in the family court's acceptance of his guilty plea without establishing on the record that his plea was made knowingly and voluntarily.  107 Hawai'i at 127, 111 P.3d at 22.  Although the family court conducted a colloquy with the defendant, we held that the colloquy was insufficient because the family court did not inform the defendant that, by pleading guilty, he was giving up "certain rights."  Id. at 128, 111 P.3d at 23.  Thus, we concluded that the defendant's guilty plea was not made knowingly, intelligently, and voluntarily.  Id.

We have underscored the requirement of a colloquy between the court and the defendant even where the penal rules permit the defendant to waive fundamental rights.  In State v. Gomez-Lobato, the defendant submitted a waiver of jury trial form.  130 Hawai'i 465, 466-67, 312 P.3d 897, 898-99 (2013). After the family court engaged in a brief conversation with the defendant regarding the form, the court concluded that the defendant knowingly, intelligently, and voluntarily waived his

right to a jury trial.  Id.  This court recognized that a defendant is entitled under HRPP Rule 23(a) to waive the right to a jury trial by oral or written consent.  Id. at 469, 312 P.3d at 901.  Nonetheless, we stated, the penal rule "does not relieve the court of its obligation to ensure, through an appropriate oral colloquy in court, that the waiver was knowingly, intelligently, and voluntarily given."  Id.  Because the family court's questions were not sufficient to establish a valid waiver of the right to a jury trial, we concluded that the family court erred in finding a knowing and voluntary waiver.  Id. at 471-73, 312 P.3d at 903-05.

Similarly, in State v. Baker, the defendant executed a waiver of jury trial form, after which the family court engaged in a brief exchange with the defendant.  132 Hawai'i 1, 3-4, 319 P.3d 1009, 1011-12 (2014).  On appeal, the defendant challenged the family court's colloquy as "woefully deficient."  Id. at 5, 319 P.3d at 1013.  We stated that, "while the defendant may execute a written waiver form, the court should also engage in an appropriate oral colloquy with the defendant to establish that the waiver was knowing, intelligent, and voluntary."  Id. at 6, 319 P.3d at 1014.  Finding that none of the family court's questions addressed the voluntariness of the defendant's waiver, we concluded that the family court failed to ensure that the

defendant's waiver of the right to a jury trial was voluntary. Id. at 7, 319 P.3d at 1015.

The deficiency of the process is more pronounced when, as in this case, the waiver document is submitted without any direct interaction between the defendant and the court. Here, the court appeared to accept defense counsel's representations that Hernandez understood the charges against him and the rights he was waiving by pleading no contest. But we have held that "a court may not rely upon an off-the-record discussion between counsel and a defendant to establish a valid waiver of a constitutional right." State v. Eduwensuyi, 141 Hawai'i 328, 336, 409 P.3d 732, 740 (2018). Indeed, "[o]ur precedents do not permit a reviewing court to infer that a fundamental right was knowingly, voluntarily, and intelligently relinquished by a defendant simply because defense counsel suggested that the right was so waived." Ui, 142 Hawai'i at 299, 418 P.3d at 640.

The dissent nonetheless relies on the plea by mail document and counsel's representations in arguing that plain error review is inappropriate when context suggests "a defendant initiated a procedural maneuver for his benefit" because the failure of the court to conduct a colloquy in such circumstances does not affect a defendant's substantial rights. Dissent at 8. This approach calls for speculation regarding what a defendant would have done had the requisite information been provided.

Alternatively, it may be an indirect decision on the merits of whether the waiver at issue was knowing, intelligent, and voluntary, which appears to be applied as a plain error standard.  In either event, we squarely rejected this position in State v. Ui, 142 Hawaiʻi at 299, 418 P.3d at 640.  Prior to invoking our authority to correct plain errors, we held that there is no strategic decision exception to the constitutional colloquy requirement because, inter alia, evaluating whether the exception applied would require conjecture regarding privileged communications and because the exception would be wholly unadministrable, as virtually any waiver can be characterized as having strategic benefits.  Id. at 294-96, 418 P.3d at 635-37.  This holds true regardless of whether the argued-for exception is characterized as a plain error standard, Dissent at 8-9, or a method of evaluating a purported waiver in the first instance.[21]  Dissent at 13-15.

Additionally, the dissent's position is at odds with firmly established precedent.  This court has consistently

---

[21]    The dissent alternately argues that, under the invited error doctrine, the omission of the required colloquy is not grounds for vacating Herandez's conviction.  We have stated, however, that the "general rule" that invited errors are not reversible "is inapplicable where an invited error is so prejudicial as to be plain error."  Nichols, 111 Hawaiʻi at 339 n.7, 141 P.3d at 986 n.7.  In other words, errors that affect substantial rights such that plain error review is appropriate are not subject to the invited error doctrine, and we need not consider whether the doctrine would otherwise apply.

declined to find a valid waiver of a fundamental right based on a filing or representations by counsel when the trial court failed to engage the defendant in an on-the-record colloquy, and we have often expressly invoked plain error review to do so-- including specifically when a defendant has executed a written waiver pursuant to an HRPP Rule ostensibly authorizing the procedure.[22]  See Gomez-Lobato, 130 Hawaiʻi at 469 n.4, 312 P.3d at 901 n.4 (holding that it was plain error for trial court to accept defendant's written waiver of a jury trial without engaging defendant in a colloquy despite HRPP Rule 23(a) permitting a waiver to be in writing); see also, e.g., Ui, 142 Hawaiʻi at 299, 418 P.3d at 640 (holding that it was plain error

---

[22]     Further, the dissent faults Hernandez for failing to challenge the district court's acceptance of his plea at the district court stage. Dissent at 6, 10.  Our precedents make clear, however, that it is the duty of the trial court to perform a colloquy to ensure a defendant's waiver of a fundamental right is undertaken knowingly, intelligently, and voluntarily-- not a defendant or defense counsel's duty.  See, e.g., Ui, 142 Hawaiʻi at 293, 418 P.3d at 634 ("[I]t is necessary for a trial court to engage a defendant in an on-the-record colloquy before accepting a waiver of any of the rights we have held to be fundamental." (emphasis added)); Murray, 116 Hawaiʻi at 11, 169 P.3d at 963 ("[A] knowing and voluntary waiver of a defendant's fundamental right must come directly from the defendant, and requires the court to engage in a colloquy with the defendant." (emphasis added)).  It is certainly questionable whether a defendant can be faulted for a trial court's failure to fulfil the constitutional requirement of a colloquy.  Cf. Nichols, 111 Hawaiʻi at 335, 141 P.3d at 982 (holding that unobjected-to jury instruction error was subject to harmless beyond a reasonable doubt review because "the duty to properly instruct the jury ultimately lies with the trial court").  Indeed, were we to hold that that defense counsel is under a duty to notice the failure and bring it to the court's attention, it would follow that the failure of a prosecutor to do the same would amount to prosecutorial misconduct.  See State v. Maluia, 107 Hawaiʻi 20, 25, 108 P.3d 974, 979 (2005) ("The term 'prosecutorial misconduct' is a legal term of art that refers to any improper action committed by a prosecutor, however harmless or unintentional." (emphasis omitted)).

for trial court to accept stipulation to an element of the charged offense without engaging defendant in a colloquy); State v. Vaitogi, 59 Haw. 592, 593 n.4, 597, 585 P.2d 1259, 1260 n.4, 1262 (1978) (stating "(i)t was error, plain on the face of the record, for the trial judge to accept (defendant's) guilty plea without" a colloquy (alterations in original) (quoting Boykin v. Alabama, 395 U.S. 238, 242 (1969))); State v. Ichimura, SCWC-13-0000396, 2017 WL 2590858, at *7 (Haw. June 15, 2017) (holding that it was plain error for the trial court to fail to engage defendant in a colloquy regarding defendant's right to testify). The dissent offers no justification for departing from these precedents.

Thus, regardless of whether the defendant has executed a document waiving the right to be present at a change of plea proceeding pursuant to the HRPP, the trial court is required, under the Hawaiʻi Constitution, to ensure through an on-the-record colloquy that a defendant's guilty plea is knowingly and voluntarily entered. Solomon, 107 Hawaiʻi at 127, 111 P.3d at 22; Williams, 68 Haw. at 499, 720 P.2d at 1012.[23]

_____

[23] This principle is similarly true with regard to the waiver of other fundamental rights. See Murray, 116 Hawaiʻi at 12, 169 P.3d at 964 (holding that "the trial court must conduct a colloquy regarding waiver of proof of an element of the offense"); Tachibana, 79 Hawaiʻi at 235, 900 P.2d at 1302 (holding that the trial court must engage in an on-the-record colloquy to ensure that the defendant knowingly and voluntarily waived the constitutional right to testify); State v. Ibuos, 75 Haw. 118, 121, 857 P.2d

(continued . . .)

In this case, although Hernandez submitted a plea by mail document indicating that he was waiving his right to be present at arraignment and sentencing and pleading no contest to harassment by stalking, the district court was constitutionally obligated, prior to accepting his no contest plea, to ensure through an on-the-record colloquy with Hernandez that his plea was knowingly, intelligently, and voluntarily made. The record lacks any showing that the court fulfilled this constitutional obligation.[24]

---

(. . . continued)

576, 578 (1993) (holding that the record was silent as to any colloquy between the court and the defendant and concluding that counsel's waiver of the defendant's right to a trial by jury was invalid).

[24] As with the right of allocution, a defendant's written consent to waive the right to be present at arraignment does not relieve the court of its constitutional obligation to ensure that the guilty or no contest plea is knowingly and voluntarily made. Cf. Gomez-Lobato, 130 Hawai'i at 469, 312 P.3d at 901 ("In other words, while the defendant may execute a written waiver form [pursuant to HRPP Rule 23(a)], the court should also engage in an oral colloquy with the defendant to establish that the waiver was knowing, intelligent, and voluntary."). And contrary to the dissent's contention, our holding will not lead Hawai'i judges to cease accepting Rule 43(d) pleas. Dissent at 9 n.5. Like the right of allocution, the court's colloquy obligation in misdemeanor cases within the scope of HRPP Rule 43(d) may be fulfilled through real-time electronic video communication. Such technology has become easily accessible--indeed ubiquitous--in the modern age through smartphones and other common consumer devices, dispelling any notion that offenders who have departed from the island where the offense is alleged to have been committed before their court date will be unable to appear remotely. Further, the use of video conferencing for arraignments is expressly authorized under the HRPP. See HRPP Rule 10(d) (2014) ("Arraignment in the circuit court shall be conducted in open court or by video conference when permitted by Rule 43."); HRPP Rule 43(e)(1)-(2)(A) (authorizing courts to conduct arraignment by video conference). Presence by video conference is also permitted with the consent of the defendant at a pre- or posttrial evidentiary hearing, a non-evidentiary proceeding, and a sentencing hearing. See HRPP Rule 43(e)(2)(B)-(C), (e)(3).

(continued . . .)

(. . . continued)

Notwithstanding this specific authorization in multiple situations, the dissent contends that appearing by video conference is not "viable" when a defendant is not in an "institutional setting like a prison" because "authentication, identification, and confidentiality issues" will make it too difficult to develop an "accurate record."  Dissent at 9 n.5.  Yet it is not clear which of the assurances of a defendant's identity that are present when a defendant appears in person would be absent when the defendant instead appears by video conferencing, nor why the lack of such safeguards would undermine the memorialization of the record in the manner employed in any other proceeding.  Moreover, the alternative procedure argued for by the dissent--under which courts would accept a defendant's guilty or no contest plea based on an out-of-court signature and submission of a document--contains far fewer assurances of the defendant's personal involvement and willingness to relinquish fundamental rights than when a court conducts a colloquy by video conference, and the alternative procedure would thus be more susceptible to the subsequent legal challenges the dissent appears to contemplate.  To the extent the evidentiary concept of authentication applies to a video conference, it has not presented a significant enough obstacle to prevent our court rules from authorizing the technique in a variety of contexts in a criminal case without conditioning its use on the defendant's institutionalization.  The same conclusion applies to the dissent's concern with "identification[] and confidentiality issues," which have also not inhibited our broad endorsement of video conferencing under HRPP Rule 43.  Dissent at 9 n.5.

We note that the positive benefits of the colloquy requirement are broadly recognized in seminal decisions by this and other courts across the nation.  Tachibana, 79 Haw. at 233, 900 P.2d at 1300 ("There are well-documented benefits to the colloquy procedure."); accord Boykin, 395 U.S. at 244 n.7 ("A majority of criminal convictions are obtained after a plea of guilty.  If these convictions are to be insulated from attack, the trial court is best advised to conduct an on the record examination of the defendant which should include, inter alia, an attempt to satisfy itself that the defendant understands the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offenses for which he is charged and the permissible range of sentences." (quoting Commonwealth ex rel. West v. Rundle, 428 Pa. 102, 105—106 (1968))).

Further, the misdemeanor offenses qualifying for an in-absentia plea under HRPP Rule 43(d)(2) encompass a wide range of serious crimes.  In addition to harassment by stalking, with which Hernandez was charged, qualifying offenses include such crimes as abuse of a family or household members, HRS § 709-906 (2014), sexual assault in the fourth degree, HRS § 707-733 (2014), violation of privacy in the second degree, HRS § 711-1111 (2014), and unlawful imprisonment in the second degree, HRS § 707-722 (2014).  Not only may these offenses greatly impact the victims of the crimes--who are denied an opportunity to directly address the offender when a defendant does not participate in the sentencing proceeding--but a conviction of such an offense may also have serious consequences for a defendant's career, reputation, and personal life.  The decision to forego an opportunity to contest such charges should not be treated as a technical formality effected

(continued . . .)

Because the district court failed to ascertain whether Hernandez's no contest plea was made knowingly, intelligently and voluntarily, the omission affected Hernandez's substantial rights. The district court therefore plainly erred in accepting Hernandez's plea of no contest.

### V.    CONCLUSION

Based on the foregoing, the ICA's May 30, 2017 Judgment on Appeal and the district court's January 7, 2015 and February 9, 2015 Notices of Entry of Judgment and/or Order are vacated, and the case is remanded to the district court for further proceedings consistent with this opinion.

| | |
|---|---|
| Reiko A. Bryant<br>Audrey L. Stanley<br>for petitioner | /s/ Sabrina S. McKenna<br><br>/s/ Richard W. Pollack |
| James M. Anderson<br>Sonja P. McCullen<br>for respondent | /s/ Michael D. Wilson |



---

(. . . continued)

solely through written waiver forms without the defendant's direct participation.  See Gomez-Lobato, 130 Hawai'i at 469, 312 P.3d at 901.